El Municipio de Aguas Buenas, P. R., demandante y apelante, *v.* Esteban de la Fuente, demandado y apelado.

Núm. 8066.—*Sometido:* Enero 23, 1941. *Resuelto:* Enero 27, 1941.

*Federico E. Virella,* abogado del apelante; *Santiago de la Fuente,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

La cuestión a resolver en este recurso es si un municipio que desde tiempo inmemorial ha venido en posesión de un camino dedicado al uso del público, tiene derecho a que se expida un interdicto para restituirle en la posesión o uso del camino después que el dueño de la finca lo ha cerrado e impedido su uso durante más de un año con anterioridad a la radicación de la demanda. En la opinión que sirvió de base a la sentencia denegatoria del interdicto, el juez de la corte inferior comenta la evidencia en los siguientes términos:

"La misma prueba del demandante demuestra sin lugar a dudas que la posesión del alegado camino fué interrumpida por el demandado en el mes de mayo de 1937, según lo acredita la comunicación que el alcalde de Aguas Buenas dirigiera al Sr. de la Fuente, y asimismo aparece que en el mes de septiembre u octubre de 1938 varios vecinos destruyeron las cercas que el demandado había puesto en el camino. Opina el tribunal, tomando en consideración toda la prueba, tanto del demandante como del demandado, que el demandante no actuó con toda la diligencia necesaria y que por más de un año con anterioridad a la radicación de esta demanda el demandado estuvo en posesión del camino en controversia."

El apelante no impugna las conclusiones de hecho a que llegó la corte sentenciadora, pero arguye que la prescripción

no corre contra los municipios y que en todo caso, habiéndose interrumpido la posesión del demandado en el mes de septiembre u octubre de 1938, la acción no está prescrita porque desde dicha fecha hasta la de la radicación de la demanda—el 3 de enero de 1939—no había transcurrido el año de posesión que reclama el demandado.

A nuestro juicio el hecho de que la prescripción corra o no contra los municipios es cuestión extraña a la controversia, habida cuenta de la naturaleza del procedimiento a que ha recurrido el demandante. La ley creadora del remedio (Ley núm. 43 de 1913, pág. 85) señala de manera expresa e inequívoca cuáles son los hechos esenciales que deben alegarse y, desde luego, probarse, en una acción de interdicto para recobrar la posesión. Su artículo 2, según fué enmendado en 1917 (Ley núm. 11 de 1917 ((2) pág. 221), hoy artículo 691 del Código de Enjuiciamiento Civil (ed. 1933), prescribe:

"La demanda será redactada y jurada de acuerdo con las disposiciones del Código de Enjuiciamiento Civil, y *hará constar:*

"1. Que el demandante, *dentro del año precedente de (a) la presentación de la demanda, estaba en la posesión real de la propiedad que en dicha demanda se describe,* si se trata de recobrarla, y estaba y está, si de retenerla.

"2. Que ha sido perturbado o despojado de dicha posesión o tenencia.

"Deberá también describir claramente los hechos constitutivos de la perturbación o despojo, así como si dichos actos fueron realizados por el demandado o por otra persona por orden de éste." (Bastardillas nuestras.)

Es obvio que una demanda de *injunction* para recobrar la posesión que deja de alegar que el demandante estaba en la posesión de la propiedad descrita en la demanda, no aduce hechos constitutivos de la causa de acción que se ejercita. Si como prescribe la ley, es ésta una alegación esencial de la demanda, no basta exponerla como se hizo en el presente caso, sino que es preciso probarla para que la

acción pueda prosperar. El demandante no sólo dejó de probar ese hecho esencial, sino que de su propia evidencia resultó que el demandado, en la fecha de la interposición de la demanda, hacía más de un año que había cerrado el camino al público y disfrutaba de su posesión. No se trata, pues, de una cuestión de prescripción que puede ser renunciada por el demandado. El defecto en la prueba es más grave, pues afecta la existencia de la causa de acción.

Refiriéndose a la necesidad de probar que el demandante se hallaba en posesión para que pueda prosperar su pleito de *injunction,* se dice en el artículo "Interdicto" de la Enciclopedia Jurídica Española:

"Por consiguiente, podrá promover el interdicto de estos dos que corresponda, *el que se halle en la posesión o en la tenencia de una cosa* y haya sido perturbado en ella por actos que manifiesten la intención de inquietarle o de despojarle, *o el que hallándose en la misma posesión o tenencia, haya sido ya despojado de una u otra.*

"Estos extremos han de justificarse del único modo que puede hacerse, por referirse a cosas que están a la vista de la gente o sea por medio de testigos, cuya información se ofrecerá en la propia demanda *para acreditar que el reclamante o su causante se halla en la posesión o en la tenencia de la cosa* y que ha sido inquietado o perturbado en ella, o tiene motivos fundados para creer que lo será, *o bien que ha sido ya despojado de dicha posesión o tenencia."* (Bastardillas nuestras.) Ob. cit., tomo 19, pág. 786.

¿En qué podría afectar la resolución de este caso el hecho de que en el mes de septiembre u octubre de 1938 unos vecinos cortasen los alambres que impedían el paso, si la cerca fué restablecida inmediatamente después por el demandado? En nada, pues como prescribe el artículo 373 del Código Civil (ed. 1930), "los actos meramente tolerados y los ejecutados clandestinamente y sin conocimiento del poseedor de una cosa, *o con violencia,* no afectan a la posesión." Con razón ha dicho Manresa: "La violencia, como acto de fuerza contra las personas o las cosas, raras veces dejará de caer bajo la acción del Código Penal."

914

Lo expuesto no prejuzga en manera alguna el derecho que al uso del camino en cuestión pueda tener el municipio demandante—si es que algún derecho tiene—siempre que recurra al remedio adecuado de acuerdo con las circunstancias del caso.

*Procede, por tanto, la desestimación del recurso y la confirmación de la sentencia apelada.*