WAYMOUTH ESTATE, INC., peticionaria, *v.* CORTE DE DISTRITO DE SAN JUAN, HON. RAFAEL CORDOVÉS ARANA, JUEZ, demandada.

Núm. 1563.—*Sometido:* Mayo 8, 1944. *Resuelto:* Mayo 17, 1944.

J. *Henri Brown, E. Córdova Díaz, Carlos J. Faure* y *José L. Hernández,* abogados de la peticionaria; *Miranda & Miranda Esteve,* abogados de la demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

 La única cuestión envuelta en este recurso de *certiorari* es la de si jurada una demanda sobre nulidad de ejecutivo hipotecario y reintegro de frutos civiles, la cual la ley no requiere que sea jurada, el demandado bajo las Reglas de Enjuiciamiento Civil vigentes viene obligado a jurar su contestación.

De no hallarse en vigor las Reglas de Enjuiciamiento Civil, la controversia nunca hubiera existido debido a la letra clara y terminante del artículo 118 del Código de Enjuiciamiento Civil, que prescribe que cuando se jura la demanda deberá jurarse la contestación, excepto si la admisión de la verdad de lo consignado en la demanda sujeta a la parte a un proceso criminal o si un funcionario de esta Isla, en su carácter oficial, fuese el demandado. Empero, la número 11 de las Reglas de Enjuiciamiento Civil prescribe que excepto cuando *específicamente* se disponga otra cosa por regla o estatuto,(¹) no es necesario jurar las alegaciones ni acompañarlas de *affidavit*. El concepto "alegaciones" incluye tanto la demanda como la contestación, pues una y otra son alegaciones. Regla 7. Siendo ello así, toda vez que al prescribir la regla 11 que excepto cuando otra cosa específicamente se disponga por regla o estatuto, no será necesario jurar las alegaciones ni acompañarlas de affidavit, no siendo la demanda de este caso una de las que específicamente se requiere por estatuto o regla que sea jurada, el demandado no viene obligado a jurar la contestación.

Como dicen Moore y Friedman en su obra Moore's *Federal Practice:*

"Bajo la práctica de algunos estados una parte que jure sus alegaciones puede obligar a la parte contraria a jurar las alegaciones

---

(¹)Específicamente se dispone que se jure la demanda, entre otros, en los casos de *mandamus*, art. 654, Código de Enjuiciamiento Civil, en los interdictos para retener o recobrar la posesión de propiedad inmueble, art. 691 del mismo Código, y en el *injunction*, Regla 65 de Enjuiciamiento Civil.

subsiguientes. No tiene ese efecto el juramento bajo la regla 11, toda vez que la regla prescribe que las alegaciones deben jurarse solamente cuando específicamente se requiera por regla o estatuto.'' Obra citada, tomo 1, pág. 618.

Bajo las Reglas de Enjuiciamiento Civil, el juramento en las alegaciones es la excepción y no la regla general, y por consiguiente la existencia o ausencia del juramento ningún efecto legal tiene excepto en aquellos casos en que por estatuto o regla se exige el juramento. *Hummel* v. *Wells Petroleum Co.,* 111 F. (2d) 883, 885.

En la resolución recurrida se invoca el artículo 118 del Código de Enjuiciamiento Civil, y se arguye que dicho artículo está vigente, ya sea como regla o como sustituto, y como no está en pugna con la regla 11 dicho artículo debe aplicarse en su totalidad. En efecto, la sección 3 de la Ley núm. 9 de 5 de abril de 1941 prescribe:

''Toda ley concerniente a alegaciones, práctica o procedimiento judicial en vigor al ser aprobada esta Ley, se considerará como regla de la Corte Suprema y continuará en vigor como tal, a menos que sea modificada, enmendada o derogada por reglas promulgadas de acuerdo con lo dispuesto en esta Ley.''

Pero el artículo 118 del Código de Enjuiciamiento Civil establece una regla general bajo el epígrafe ''De las alegaciones juradas,'' y dicho artículo, que ahora es una regla de carácter supletorio, ha sido modificado o enmendado por la regla 11 de forma que un litigante por el hecho de jurar una alegación no puede obligar a la parte contraria a jurar sus alegaciones subsiguientes. A la práctica consignada en el artículo 118 de nuestro Código de Enjuiciamiento Civil es a lo que se refiere Moore al sostener que bajo la regla 11 esa práctica anterior no puede prevalecer.

*Por lo expuesto, es preciso concluir que la resolución recurrida, en tanto en cuanto exige a la parte demandada aquí recurrente que jure su contestación por el hecho de que el demandante voluntariamente juró la demanda, es errónea y en cuanto a ese extremo, se anula.*