RAFAEL PABÓN SALAZAR, demandante y apelante, *v.* LIBORIO AYALA, demandado y apelado.

Núm. 9536.—*Sometido*: Enero 13, 1948. *Resuelto*: Marzo 5, 1948.

*A. Ramínez Silva,* abogado del apelante; *Ildefonso Freyre,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

De la sentencia dictada por la Corte de Distrito de Mayagüez declarando sin lugar la demanda de *injunction* para recobrar la posesión apela el demandante, y en este recurso alega que dicha corte erró: (1) al resolver que la falta de juramento en la contestación radicada por el demandado no daba derecho al demandante a solicitar, como solicitó, una sentencia por las alegaciones, y (2) al apreciar la prueba

y resolver que de acuerdo con el resultado de la misma, la acción ejercitada por el demandante estaba prescrita.

En cuanto al primer señalamiento, la Regla 11 de las de Enjuiciamiento Civil dispone que " . . . Excepto cuando *específicamente* se disponga otra cosa por *regla o estatuto,* no es necesario jurar las alegaciones ni acompañarlas de affidavit . . . " (Bastardillas nuestras.)

Si bien es cierto que el artículo 2 de la Ley proveyendo procedimientos para recobrar la posesión de propiedad inmueble de marzo 13, 1913 (pág. 85), según quedó enmendada por la Ley núm. 11 de 1917 ((2) pág. 221), (artículo 691, Código de Enjuiciamiento Civil, Ed. 1933) dispone que la demanda en estos casos será jurada por el demandante, dicha ley no dispone específicamente que la contestación del demandado también deba ser jurada por éste. Es cierto que el artículo 118 del Código de Enjuiciamiento Civil dispone que cuando se jure la demanda deberá jurarse la contestación, empero al interpretar la Regla 11, supra, resolvimos en el caso de *Waymouth Estate, Inc.* v. *Corte,* 63 D.P.R. 668, que el artículo 118 ha sido modificado por la Regla 11 de forma que un litigante por el hecho de jurar una alegación no puede obligar a la parte contraria a jurar sus alegaciones subsiguientes. No estaba envuelto en dicho caso un estatuto en que se requiriera que la demanda estuviera jurada. Si bien en el de autos la ley sobre interdictos posesorios sí contiene dicho requisito, guarda silencio en cuanto al juramento en la contestación y por tanto no debemos hacer extensivo dicho requisito a una alegación que, ni por regla ni por estatuto lo requiere.[1] Bajo las nuevas Reglas el juramento en una alegación es la excepción y no la regla general. *Waymouth Estate, Inc.* v. *Corte,* supra, y la veracidad y honestidad al alegar descansan grandemente en la

---

[1] Contrario a lo que procede en los casos de interdictos posesorios, en los de mandamus, artículo 656, Código Enjuiciamiento Civil, e injunction, artículo 684 del mismo Código, se requiere que la contestación sea jurada.

firma del abogado que la suscribe y no del juramento. 1 Moore *Federal Practice* 616. No se cometió, a nuestro juicio, el primer error.

■■ Por el segundo, se ataca la apreciación que de la prueba hizo la corte inferior, y al resolver que la acción estaba prescrita.

En la demanda se alegó que el demandante es dueño de varias fincas en San Germán, que colindan con un camino que atraviesa terrenos del demandado; que el demandante estaba en posesión del uso de dicho camino dentro del año anterior a la radicación de la demanda y que un mes antes el demandado sin anuencia o consentimiento del demandante y en contra de su voluntad, ilegalmente procedió a cerrar y cerró dicho camino con un portón que fijó en la colindancia oeste del mismo, privando de esta manera al demandante de la posesión del uso del camino, viéndose éste privado de sacar de sus fincas el producto de las mismas por medio de carros y trucks como lo venía haciendo.

El demandado en su contestación aceptó algunos y negó otros hechos de la demanda y como defensa especial alegó que el camino de referencia es privado y fué construído por el demandado; que el demandado concedió al demandante el derecho de entrada y salida por dicho camino, sujeto dicho permiso a revocación por el demandado; que dicho permiso no ha sido revocado ni se le ha impedido al demandante el paso por el camino; que el portón que existe en dicho camino fué construído por el demandado en el año 1938, o sea nueve años con anterioridad a la radicación de la demanda, estando prescrita toda acción posesoria por parte del demandante para pedir su eliminación de acuerdo con el artículo 1868 del Código Civil; que el portón permanece abierto todo el día y el demandante ha continuado entrando y saliendo por dicho camino para ir a sus fincas y sacar sus productos en las mismas condiciones que siempre lo ha hecho.

La corte inferior en la opinión dictada al resolver el caso hizo constar lo siguiente:

"En este caso, por las declaraciones de los testigos de la parte demandada, entre ellas la declaración de Ricardo Jusino, ha quedado demostrado a satisfacción de la Corte que el portón fué construído y existe desde el año 1938, por lo que la acción está claramente prescrita a la luz de dichos hechos y del precepto de ley a ellos aplicable. (Artículo 1868 del Código Civil, supra.) Esto ha sido resuelto por la constante jurisprudencia del Tribunal Supremo de Puerto Rico, entre otros, en los casos de *Richardson* v. *Martínez*, 35 D.P.R. 1036 y *Municipio de Aguas Buenas* v. *Esteban de la Fuente*, 57 D.P.R. 910.

"Pero aparte de que la prescripción extintiva es de absoluta aplicación, quedó claramente demostrado que no existe obstáculo alguno que impida que el demandante penetre por el camino hacia sus propiedades, o que en fecha alguna se haya realizado acto alguno implicativo de que el demandante haya sido privado de su alegado derecho de uso del camino o del libre acceso a sus fincas. El portón permanece abierto todo el día y el demandante usó el camino, según propia admisión, en los días 7, 8, 11, 16, 17, 22 y 25 sacando y entrando productos y materiales para su finca en trucks y carros de bueyes. El demandado, al cerrar el portón de noche con una cadena, pero sin candado, está obrando en virtud de un derecho que le corresponde, o sea, proteger la entrada a dicho camino privado en dichas horas, hecho que no le impide al demandante el uso del camino durante esas horas, ya que según declaración del demandado, a quien la Corte le da entero crédito, la cadena que se le pone al portón no tiene candado, pudiendo el demandante usar dicho camino de noche, observando las condiciones establecidas por el demandado para proteger la entrada del camino durante esas horas. Además se demostró por la parte demandada que el portón se viene cerrando durante la noche en la forma indicada desde hace más de un año con anterioridad a la radicación de la demanda estando, por consiguiente prescrita toda acción por parte del demandante para variar el uso del portón en la forma indicada.

"En resumen, esta Corte ha llegado a la conclusión de que existen dos fundamentos por los cuales o por cualquiera de ellos debe ser declarada sin lugar la pretensión del demandante: uno es el de la prescripción y el otro es que se ha probado que el demandado no ha efectuado actos que tiendan a privar en forma alguna el uso del camino por el demandante."

336

Hemos examinado detenidamente la transcripción de la evidencia y somos de opinión que la conclusión a que llegó la corte sentenciadora está plenamente sostenida por la prueba. Esta fué contradictoria, pero la corte dió crédito a la del demandado y al así hacerlo no se ha alegado que actuara con pasión, prejuicio o parcialidad y estamos convencidos de que no cometió manifiesto error. Bajo estas circunstancias repetidamente hemos resuelto, que no variaremos las conclusiones de hecho a que haya llegado la corte sentenciadora.

*Se confirma la sentencia apelada.*