DR. RAMÓN PIÑERO FERNÁNDEZ, demandante y recurrente, v. GUILLERMO MARTÍNEZ SANTIAGO, demandado y recurrido; DR. RAMÓN PIÑERO FERNÁNDEZ, demandante y recurrido, v. GUILLERMO MARTÍNEZ SANTIAGO, demandado y recurrente.

*Números:* R-73-282    *Resueltos:* 26 de enero de 1976
R-73-357

*Angel Piñero, Carmen L. Santini* y *Angel Piñero Santini,* abogados del recurrente y recurrido Dr. Ramón Piñero Fernández; *F. Castro Amy,* abogado del recurrente y recurrido Guillermo Martínez Santiago.

PER CURIAM: Los dos recursos de epígrafe fueron consolidados a los fines de ser resueltos conjuntamente.

En el primero de ellos, o sea el R-73-282, señala el demandante-recurrente Dr. Ramón Piñero Fernández que el tribunal de instancia erró al desestimar el memorándum de costas sin jurar sometido por él, aduciendo que el juramento es un mero tecnicismo que no debe utilizarse para derrotar los fines de la justicia.(1) No tiene razón el demandante-recurrente.

La Regla 44.4 (b) de las de Procedimiento Civil requiere, en lo que es aquí pertinente, lo siguiente:

"La parte que reclame el pago de costas presentará al tribunal y notificará a la parte contraria, *dentro del término de 10 días* contados a partir del archivo en autos de copia de la notificación de la sentencia, una relación o memorándum de todas las partidas de gastos y desembolsos necesarios incurridos durante la tramitación del pleito o procedimiento. El memorándum de costas se presentará *bajo juramento* y consignará que según el leal saber y entender del reclamante o de su abogado, las partidas de gastos incluidas son correctas y que todos los desembolsos eran necesarios para la tramitación del pleito o procedimiento. Si no hubiere impugnación, el tribunal aprobará el memorándum de costas, y podrá eliminar cualquier partida que considere improcedente, luego de conceder al solicitante la oportunidad de justificar la misma . . . ." 32 Ap. II L.P.R.A. R. 44.4(b). (Énfasis suplido.)

En las Reglas de Procedimiento Civil, el requisito de juramentar las alegaciones, mociones y otros escritos judiciales es la excepción y no la regla general. Véase *Waymouth Estate, Inc.* v. *Corte*, 63 D.P.R. 668, 670 (1944). Así, no es necesario jurar las alegaciones ni acompañarlas de declaración jurada excepto cuando se disponga específicamente de otro modo por regla o por ley. 32 Ap. II L.P.R.A. R. 9. En algunos casos podrá exigirse o no la juramentación si las

_____

(1) Seis semanas después de presentado el memorándum de costas, el demandante-recurrente en ánimo de suplir la deficiencia de la falta de juramento presentó un escrito titulado "Declaración Jurada para Complementar Memorando de Costas".

reglas ofrecen esa opción. Por ejemplo: (1) las deposiciones se tomarán ante un funcionario autorizado para tomar juramentos bajo las leyes de Puerto Rico, o del lugar en que se tome la deposición, *id.* R. 25.1, a menos que las partes estipularen por escrito el que se tomen ante cualquier persona, *id.* R. 26; (2) las mociones solicitando sentencias sumarias podrán estar basadas o no en declaraciones juradas, *id.* R. 36.1, 36.2. Pero, en otros casos el juramento es necesario, tales como: (1) las contestaciones a los interrogatorios, *id.* R. 30; (2) las negativas a contestar requerimientos de admisión, *id.* R. 33.1; (3) los memorandos de costas, *id.* R. 44.4; (4) las solicitudes de anotación de rebeldía, *id.* R. 45.1; (5) las solicitudes de entredicho provisional, *id.* R. 57.2; y (6) las solicitudes de inhibición de jueces, *id.* R. 63.2.

El propósito del juramento es el de someter a la parte a la penalidad de perjurio si se probara que el contenido de sus manifestaciones o declaraciones juradas no es cierto, por lo que carece de eficacia cualquier escrito que bajo las Reglas de Procedimiento Civil deba ser jurado y no lo esté. Y, en el caso del memorándum de costas en particular, las Reglas exigen en adición que debe ser sometido dentro del término improrrogable de 10 días contados a partir del archivo en autos de copia de la notificación de la sentencia. La presentación del memorándum complementario seis semanas más tarde con el único propósito de suplir la deficiencia del juramento, no puede por tanto tener el efecto de extender el término fatal de 10 días. 32 Ap. II L.P.R.A. R. 68.2; *Pereira* v. *I.B.E.C.*, 95 D.P.R. 28, 82 (1967).

Procede pues en cuanto al recurso R-73-282, que confirmemos la sentencia del tribunal de instancia que desestimó el memorándum de costas sometido por el recurrente por el fundamento de no estar juramentado.

Examinemos ahora el recurso R-73-357 del demandado recurrente Ing. Guillermo Martínez Santiago. No es necesario entrar en la discusión de los errores señalados por el recu-

rrente ya que, como demostraremos a continuación, carecemos de jurisdicción para considerar el recurso.

La sentencia recurrida fue dictada por el tribunal de instancia el 30 de julio de 1973. En 15 de agosto de 1973 el demandado recurrente solicitó la reconsideración de dicha sentencia por haberse cometido varios errores que se señalaban en la referida moción de reconsideración. El demandante, aquí recurrido, presentó oposición a la misma y el tribunal señaló una vista para la discusión de la moción y de la oposición, conjuntamente con el memorándum de costas y la oposición a él. Surge de la correspondiente minuta que la moción y el memorándum fueron ampliamente argumentados, quedando el asunto sometido.

En 20 de septiembre de 1973 el juez de instancia dictó la siguiente resolución:

"Se declara con lugar la reconsideración en lo que respecta a la partida 6.6 de la Determinación de Hecho, (2(a) de la moción de reconsideración) y #5 de la Determinación de Hecho (2(d) de la Moción) por lo que procede eliminarse de la sentencia la suma de $300.00 y autorizarse al demandado a retirar de este Tribunal la suma de $3,000 que depositó en este Tribunal el 5 de junio de 1972 en el caso 71-3808.

El memorándum de costas no se aprueba por no cumplir éste con la Regla 44.4 de Práctica Civil. *Pereira* v. *Ibec*, 95 D.P.R. 28.

Notifíquese."

No surge del expediente que el demandante hubiese solicitado reconsideración de la precedente resolución. Sin embargo, aparece otra resolución dictada *sua sponte* por el mismo magistrado en 26 de octubre de 1973, siendo ya la sentencia final y firme, que copiada textualmente lee como sigue:

"En su resolución de fecha 20 de septiembre de 1973 este Tribunal declaró con lugar la moción de reconsideración radicada por el demandado Guillermo Martínez Santiago concediendo la eliminación de la partida por la suma de $300.00 a que se refiere la determinación de hecho #6 y autorizando al demandado a retirar la suma de $3,000.00 que él había depositado el día 5

de junio de 1972 en el caso Civil #71-3808 consolidado con éste; pero este Tribunal no dispuso abiertamente en cuanto a los demás fundamentos y partidas objeto de su moción de reconsideración, por lo que el Tribunal procede ahora a dictar resolución denegando la moción de reconsideración del referido demandado en cuanto a los demás fundamentos y partidas que se mencionan en dicha moción.

Notifíquese."

La parte promovente no expresó duda alguna con respecto a la resolución del 20 de septiembre. Dejó transcurrir el término para solicitar reconsideración, así como el término de revisión. Por ello no nos explicamos la actuación del tribunal de instancia al pretender aclarar la primera resolución sin que nadie lo hubiera pedido. En su consecuencia la segunda de las dos resoluciones no pudo tener el efecto de extender el término para revisar. El pronunciamiento del 20 de septiembre dio fin a la controversia entre las partes al declarar el tribunal con lugar la reconsideración respecto a dos de las partidas objeto de reconsideración. La segunda resolución no modificó ni alteró y ni siquiera aclaró en forma alguna la primera. No era necesario expresarse sobre las otras partidas en cuestión. Al declarar el juzgador que "[s]e declara con lugar la reconsideración en lo que respecta a la partida 6.6 de la Determinación de Hecho . . . y #5 de la Determinación de Hecho . . . ." resolvía la totalidad de las cuestiones planteadas en la moción de reconsideración.

La actuación del tribunal de instancia que dio lugar a que el demandado recurrente pudiera inferir que aún tenía tiempo para recurrir ante nos no nos satisface. Los jueces de instancia deben observar mayor celo en cuanto a la finalidad de sus sentencias. Ambas partes en el litigio tienen derecho a ello.

*En virtud de lo expuesto se anulará el auto expedido en el recurso R-73-357 por falta de jurisdicción.*

El Juez Asociado Señor Irizarry Yunqué disintió en opinión separada con la cual concurre el Juez Presidente, Señor Trías Monge.

—0—

Voto disidente en parte del Juez Asociado Señor Irizarry Yunqué con el cual concurre el Juez Presidente Señor Trías Monge.

San Juan, Puerto Rico, a 26 de enero de 1976

Estoy conforme con la disposición que se hace del recurso R-73-357, de desestimarlo por falta de jurisdicción. Disiento, por otra parte, de que se confirme, en cuanto al recurso R-73-282, la resolución del tribunal de instancia que desestimó el memorándum de costas por no estar jurado en el momento en que quedó radicado.

La Regla 44.4 (b) de Procedimiento Civil, citada en la opinión, requiere que el memorándum de costas se presente al tribunal y notifique a la parte contraria "dentro del término de diez (10) días contados a partir del archivo en autos de copia de la notificación de la sentencia," y más adelante dice que "se presentará bajo juramento." Convengo en que el término de diez (10) días es fatal. *Pereira* v. *I.B.E.C.*, 95 D.P.R. 28, 82 (1967). Pero no estoy de acuerdo en que la falta de juramento sea motivo para desestimarlo, omisión que puede suplirse en cualquier momento.

En el presente caso la parte victoriosa reclamó costas por la cantidad de $3,100, importe de lo que pagó al perito que tuvo que utilizar para hacer prevalecer su derecho. El recurrente, en su memorándum de costas, hizo alusión a y presentó oportunamente los cheques cancelados que acreditaban los pagos y la factura que los justificaba. Estos comprobantes son de por sí tanta o más garantía de la legitimidad de lo reclamado como un juramento puesto al calce del documento.

Además, el memorándum de costas fue suscrito, no por el

demandante recurrente, sino por uno de sus abogados. Dice la Regla 9 de Procedimiento Civil, en lo aquí pertinente, que "[la] firma de un abogado equivale a certificar el haber leído la alegación; que de acuerdo con su mejor conocimiento, información y creencia está bien fundada; y que no ha sido interpuesta para causar demora." Esto salva, a mi juicio, el propósito del juramento en el memorándum. Véase, para ejemplo, *Junta Insular de Elecciones* v. *Corte*, 63 D.P.R. 819, 827 (1944), en que, no obstante requerirse por ley que una moción en que se solicite la inhibición de un juez sea jurada, se dijo que, por estar firmada por el abogado era suficiente pues "la firma de un abogado en una moción tiene el efecto legal de un juramento."

La cita que en la opinión se hace de *Pereira* v. *I.B.E.C.*, supra, no es autoridad para sostener que la falta de juramento en un memorándum de costas lo derrota. Lo que ese caso resuelve es que el término de diez (10) días para presentarlo es improrrogable. Aquí no se trata de prorrogar el término. Se trata de suplir una omisión que, al hacerse, tiene efectos *nunc pro tunc*. Dicho de otro modo, permitir el juramento pasados los diez (10) días, cuando lo reclamado en el memorándum de costas no ha sido variado, surte efecto desde que el memorando se presentó originalmente. La verdad no se convierte en verdad cuando se jura. La verdad es inmutable y su existencia no puede hacerse depender de una formalidad de ley.