# 95 DTA 99

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE PONCE Y AIBONITO
## PANEL I

CESAR ALMODOVAR MARCHAND
Querellante-Recurrido

v.

MOBIL CRUSH, INC.
Querellado-Recurrente

Núm. KLAN-95-00111

San Juan, Puerto Rico, a 2 de mayo de 1995

Panel integrado por su presidente, Juez Sánchez Martínez
y los Jueces Córdova Arone y Segarra Olivero

Córdova Arone, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

En el caso de autos nos encontramos ante una solicitud para que se revise una Resolución del Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Ponce con fecha del 27 de enero de 1995 declarando no ha lugar una Solicitud de Relevo de Sentencia y/o Reconsideración radicada por la parte querellada. Se deniega la expedición del auto solicitado. No obstante, consideramos pertinente exponer las razones en que se basa nuestra negativa de expedir el auto en aras de que no se cometan posteriormente los errores del presente caso. Primero, la parte querellada, al solicitar el relevo de sentencia ante el Tribunal de Instancia, no juramenta la moción contrario a lo establecido en la ley (32 L.P.R.A. sec. 3124).

Segundo, la parte querellada titula su escrito con el nombre de Apelación, sin embargo, al invocar la jurisdicción de este Honorable Tribunal recurre a las reglas correspondientes al *Certiorari*. Tratándose de una solicitud de Revisión de una Resolución del Tribunal de Primera Instancia amparándose en la Regla 49.2 de las Reglas de Procedimiento Civil, lo que procede es el auto de *Certiorari* y no una Apelación. Además, no se hace referencia alguna al artículo .002 (c) de la Ley de la Judicatura de Puerto Rico de 1994. Por otra parte, equivocadamente el escrito está dirigido al Circuito de San Juan y no al Circuito Regional V de Ponce y Aibonito que es donde le corresponde de acuerdo con el artículo 4.003 de la mencionada Ley.

Procedemos a discutir cada uno de estos errores y las repercusiones jurídicas de cada uno de ellos así como las manifestaciones de nuestro más alto foro sobre el particular.

En el presente caso la parte querellante recurre ante el Tribunal de Distrito en virtud de las disposiciones de la Ley Núm. 2 del 17 de octubre de 1961 que establece el Procedimiento Sumario de Reclamaciones de Salarios (32 L.P.R.A. sec. 3118 *et seq.*). Esta ley establece un procedimiento sumario para reclamar del patrono cualquier derecho o beneficio, o cualquier suma por concepto de compensación por trabajo o labor realizados por dicho patrono.

La mencionada ley, por ser de naturaleza sumaria, establece unos términos diferentes a los disponibles en los procedimientos ordinarios. La Sec. 3, 32 L.P.R.A. sec. 3120 establece que:

*"[e]l secretario del tribunal notificará a la parte querellada con copia de la querella apercibiéndole que deberá radicar su contestación por escrito, con constancia de haber servido copia de la misma al abogado de la parte querellante o a ésta si hubiere comparecido por derecho propio, dentro de diez (10) días después de la notificación, si ésta se hiciere en el distrito judicial en que se promueve la acción, y dentro de quince (15) días en los demás casos, y apercibiéndole, además, que si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle."* (Enfasis suplido).

A pesar de que el querellado contestara la querella en el tiempo provisto por la ley, por una omisión involuntaria de su representante legal, la dirección colocada en el sobre que se envió al Tribunal fue considerada incompleta por el servicio postal, lo que provocó que la carta fuera devuelta. Esta situación fue aprovechada por la parte querellante para solicitar que se dictara sentencia y así lo hizo el Tribunal. Ante esta situación, la parte querellada solicita el relevo de sentencia mediante una moción sin juramentar. Sobre este particular la Sec. 7, 32 L.P.R.A. sec. 3124 (*supra*) de la Ley Núm. 2 de 17 de octubre de 1961 establece lo siguiente:

*"Cuando se dicte sentencia en virtud de las secs. 3121 ó 3123 de este título, el tribunal conservará la discreción que le concede la Regla 49.2 de las de Procedimiento Civil para el Tribunal General de Justicia en casos de error, inadvertencia, sorpresa, excusable negligencia, fraude, pero la moción invocando dicha discreción deberá radicarse dentro del término de sesenta (60) días de notificada la sentencia a las partes y deberán exponerse en la misma, bajo juramento, los motivos en que se funda la solicitud. De no radicarse dicha moción dentro del término y en la forma aquí dispuestos, el tribunal deberá declararla sin lugar de plano."* (Subrayado nuestro).

La ley es clara y enfática en el sentido de que la moción de relevo de sentencia debe hacerse bajo juramento y que de no cumplir con la forma establecida, el Tribunal deberá declararla sin lugar de plano. Sobre este particular el caso *Piñero v. Martínez Santiago,* 104 D.P.R. 587 (1976), discute la obligatoriedad de la juramentación en aquellos casos donde la regla o la ley lo exige. Se dice en este caso:

*"En las Reglas de Procedimiento Civil, el requisito de juramentar las alegaciones, mociones y otros escritos judiciales es la excepción y no la regla. Así, no es necesario jurar las alegaciones excepto cuando se disponga específicamente de otro modo por regla o por ley."*

Más adelante, añade lo siguiente en cuanto al propósito del juramento:

*"El propósito del juramento es el de someter a la parte a la penalidad de perjurio si se probara que el contenido de sus manifestaciones o declaraciones juradas no es cierto por lo que carece de eficacia cualquier escrito que bajo las Reglas de Procedimiento Civil deba ser jurado y no lo esté".*

Recientemente, nuestro más alto Tribunal se expresó en relación con la Ley de Procedimientos Legales Especiales en el caso *Mercado v. ZETA Communications, Inc.,* ___ D.P.R. ___ (1994), **94 J.T.S. 50,** y enfatiza que *"la esencia y médula del trámite fijado para casos sobre reclamaciones de salarios, consagrado en la Ley Núm. 2 del 17 de octubre de 1961... constituye el procesamiento sumario y su rápida disposición."* Añade el Tribunal Supremo, *"[u]na y otra vez hemos insistido en que todos los tribunales tenemos la obligación de darle vigencia al claro mandato legislativo plasmado en la Ley Núm. 2 de diligencia y prontitud en la tramitación judicial de las reclamaciones laborales... De ordinario no tenemos otra alternativa que no sea la rigurosa aplicación de los términos taxativos de la Ley Núm. 2...".* Se hace referencia en este caso a la necesidad del cumplimiento estricto de lo establecido en la ley.

En cuanto a la jurisdicción del Tribunal de Circuito de Apelaciones para considerar el recurso presentado, nos corresponde determinar si el presente recurso se considera un *CERTIORARI* o una APELACION.

La parte recurrente titula el escrito como APELACION, sin embargo, al invocar la jurisdicción del Tribunal lo hace conforme a las Reglas 18 y 19 del Tribunal de Circuito de Apelaciones. Estas dos reglas se refieren a la presentación y a la forma del recurso de *CERTIORARI* respectivamente.

En el presente caso se solicita la revisión de una resolución del Tribunal de Instancia. Sobre este particular el Art. 4.002 (c) de la Ley de la Judicatura de 1994 establece lo siguiente:

*"El Tribunal de Circuito de Apelaciones conocerá en los siguientes asuntos:*

*"(a).............................*

*(b).............................*

*(c) Mediante auto de Certiorari, expedido a su discreción, de cualquier otra resolución, u orden o providencia judicial de naturaleza interlocutoria dictada por el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito durante el proceso de su abolición para evitar un fracaso de la justicia o que pueda privarse al recurrente de la revisión justa e imparcial a la que tiene derecho por ley..."*

De acuerdo con este artículo, repetimos, lo que procede en este caso es un auto de *Certiorari* y no una Apelación.

Por último, nos resta señalar la importancia que tiene el invocar adecuadamente la jurisdicción del Tribunal. La Regla 15(B)(2) del Reglamento del Tribunal de Circuito de Apelaciones, referente a la forma del escrito de APELACION y la Regla 19(B)(1) referente a la forma del escrito de *CERTIORARI*, son las que establecen el requisito de que se invoque la jurisdicción y la competencia de este Tribunal en los escritos que se señalan. Es menester, no obstante, estudiar los pronunciamientos de nuestro Tribunal Supremo en relación con este requisito en la práctica apelativa. En el caso *Matos v. Metropolitan Marble Corp.*, 104 D.P.R. 122 (1975), el Tribunal Supremo establece que en la práctica apelativa las partes vienen obligadas a cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos instados ante el tribunal, siendo totalmente impermisible dejar al arbitrio de las partes el cumplimiento de las disposiciones reglamentarias.

Por otro lado, en el caso *Cárdenas Maxán v. Rodríguez*, 119 D.P.R. 642 (1987), se establece que en reiteradas ocasiones el Tribunal Supremo ha apercibido y notificado a la clase togada sobre el estricto cumplimiento de las disposiciones reglamentarias sobre los recursos presentados ante este tribunal.

En términos de la jurisdicción específicamente, el Tribunal Supremo ha resuelto que ésta no se presume. Aunque la parte recurrida no lo haya planteado, el tribunal está obligado a velar por la misma. Toca a los tribunales ser los guardianes de su propia jurisdicción. *Vázquez v. A.R.P.E.*, ___ D.P.R. ___ (1991), **91 J.T.S. 53,** *Sociedad de Gananciales v. A.F.F.*, 108 D.P.R. 644 (1979).

Es un deber ineludible de todo abogado familiarizarse con el derecho aplicable a su caso y examinar los Reglamentos aplicables en cada situación particular. De una ligera lectura de las Reglas del Tribunal de Circuito de Apelaciones el abogado del caso de autos podía percatarse

de que no estaba invocando la jurisdicción de este Tribunal adecuadamente. El abogado debe ser diligente en la presentación de recursos ante los foros judiciales.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

María De la C. González Cruz
Secretaria General