Rossy García, Juez Ponente
*1065 TEXTO COMPLETO DE LA SENTENCIA
El recurso instado en el caso de epígrafe interesa la revisión y revocación de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Aguadilla, mediante la cual dicho foro le impartió su aprobación a un memorando de costas que fue juramentado por quien funge como secretaria y administradora de la oficina de la representación legal de los demandados-recurridos. Argumentan los recurrentes que el referido memorando no cumple con las exigencias de la Regla 44.1(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, la que requiere que el memorando de costas sea juramentado por el reclamante o su abogado, quienes deben así consignar, bajo juramento, "que según el leal saber y entender [de éstos] las partidas de gastos incluidas son correctas y que todos los desembolsos eran necesarios para la tramitación del pleito o procedimiento." 
Examinado el recurso a la luz de lo claramente dispuesto en la referida regla, y ante la realidad de que un memorando de costas debe presentarse debidamente juramentado dentro del término improrrogable de diez (10) días en ella dispuesto, lo que impide someter un memorando complementario una vez transcurrido dicho término fatal con el propósito de suplir la deficiencia del juramento, Piñero v. Martínez Santiago, 104 D.P.R. 587, 590 (1976), emitimos orden sobre mostración de causa por la cual no deberíamos expedir el auto solicitado para revocar el dictamen recurrido.
En atención a nuestra orden han comparecido los demandados-recurridos mediante escrito en oposición. En éste reconocen que "indudablemente la Regla 44.1 de las de Procedimiento Civil menciona que el juramento lo deben hacer la parte o el abogado." Argumentan, no obstante, que "ese requisito se incorporó a nuestro ordenamiento hace cerca de cuatro décadas", ello para postular que, a su juicio, tal exigencia "no es lo más correcto para poder cumplir con el espíritu de la ley en el Puerto Rico de hoy". Nos proponen así liberalizar tal exigencia para incluir a "personas a cargo de mantener esos eventos de forma clara para beneficio del cliente y abogado". No podemos acceder a tal proposición. La exigencia de la referida Regla 44.1 a los efectos de que el memorando de costas sea juramentado por el reclamante o su abogado, ignorada por los aquí recurridos, responde al concepto restrictivo en la concesión de costas que priva en Puerto Rico, ya que no todos los gastos que necesariamente se incurren durante la tramitación de un litigio se reconocen como costas recobrables. Pereira v. I.B.E.C., 95 D.P.R. 28, 78-81 (1967). Las costas, en consecuencia, no son sinónimo de gastos. El concepto de gastos procesales "es una noción amplísima que comprende en ella todas las expensas que tienen en el proceso los litigantes y abogados. Entre los ‘gastos procesales' se selecciona después un concepto más restringido denominado 'costas procesales’ únicos a los que puede afectar la condena de costas regulada por [la referida] regla." José A. Cuevas Segarra, Práctica Procesal Puertorriqueña, Procedimiento Civil, Publicaciones J.T.S., pág. 235. Se requiere, pues, algo más que un mero cómputo matemático de un empleado oficinista del abogado, y explica y justifica tal exigencia. Ello, a su vez, desmerece la argumentación de los recurridos a los efectos de que "Doña Alba Matos Vázquez como administradora del Bufete Biaggi Busquéis y Mari Roca es la persona que mejor conocimiento personal tiene sobre los gastos en que se incurren en cada uno de los casos del bufete.” Según ya indicado, "las costas", no son "gastos".
*1066 Finalmente, tampoco nos persuade el argumento de los recurridos a los efectos de que en la jurisdicción federal el estatuto equivalente a nuestra Regla 44.1 permite a un tercero con conocimiento de las costas, como agente del abogado, juramentar el memorando de costas. Ninguna facultad podemos aquí arrogarnos para ignorar el texto claro de la Regla 44.1 de Procedimiento Civil, la que en forma clara y sin ambages requiere que el memorando de costas sea juramentado por la parte o su abogado. Basta aquí con señalar que la función de los tribunales es interpretar la ley, sin juzgar su bondad o sabiduría. Farmacia v. Corp. Azucarera de P.R., 113 D.P.R. 654, 657-658 (1982). Además, ninguna regla de hermenéutica puede justificar que se elimine, mediante legislación judicial, cualquier parte de una ley, no importa cuál puede ser la opinión del tribunal respecto a la consecuencia de la misma. Como bien se ha expresado, interpretar un estatuto de manera distinta a sus disposiciones, sería invadir el intérprete la función legislativa. Comunidad Fajardo v. Tribunal de Contribuciones, 73 D.P.R. 543, 551 (1952). Para ello no estamos autorizados.
En consecuencia y por los fundamentos antes consignados, resolvemos que incidió el foro de instancia al acoger y aprobar un memorando de costas que no fue juramentado por el reclamante o su abogado. Tal exigencia, en el caso del abogado, por expresa disposición de la Regla 44.1 y atendida la naturaleza y alcance del concepto "costas”, es responsabilidad y obligación de éste que no puede ser delegada en el personal secretarial o administrativo de su oficina. Resulta procedente, en consecuencia, expedir el auto solicitado para revocar y dejar sin efecto el dictamen recurrido.
Por los fundamentos antes consignados, se expide el auto solicitado para revocar y dejar sin efecto el dictamen recurrido, denegando así el memorando de costas sometido por la parte demadada-recurrida en el caso que dio base al dictamen recurrido.
Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIO 98 DTA 85
1. Véase Escrito en Oposición, a la pág. 3.

2. Id.

3. Id., a la pág, 7.