EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Sofía Martí Soler<br><br>Peticionaria<br><br>v.<br><br>Fernando Gallardo Álvarez<br><br>Recurrido | Certiorari<br><br>2007 TSPR 9<br><br>170 DPR \_\_\_\_ |

Número del Caso: CC-2006-503

Fecha: 19 de enero de 2007

Tribunal de Apelaciones:

Región Judicial de Bayamón

Juez Ponente:

Hon. José Miranda de Hostos

Abogado de la Parte Peticionaria:

Lcdo. Emilio F. Soler

Abogado de la Parte Recurrida:

Lcdo. Ludwig Ortiz Belaval

Materia: Acción Civil

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Sofía Marti Soler

    Peticionaria

        v.                               CC-2006-503

Fernando Gallardo Álvarez

    Recurrido

PER CURIAM

San Juan Puerto Rico a 19 de enero de 2007

En esta ocasión nos corresponde determinar si presentada una moción de inhibición sin juramentar posterior a que el Tribunal de Primera Instancia hubiese dictado sentencia, el juez contra quien se presenta, debe abstenerse de resolver las mociones post-sentencia pendientes hasta tanto se diluciden los méritos de la moción de inhibición ante otro juez. A la luz de los hechos particulares en este caso, resolvemos en la negativa.

## I.

El caso ante nuestra consideración tiene su origen el 8 de julio de 2004, cuando la recurrente, Sra. Sofía Martí Soler, instó una acción civil de

liquidación de sociedad de gananciales contra su ex-esposo, el recurrido, Sr. Fernando Gallardo Álvarez. Véase, *Certiorari*, Apéndice V, pág. 41. Poco después, la demandante presentó una moción urgente al tribunal en la cual solicitaba se tomaran medidas provisionales sobre la administración de los bienes gananciales ya que alegó que su ex-esposo la había defraudado y había incurrido, presuntamente, en actos delictivos.

El demandado-recurrido presentó una moción por derecho propio solicitando prórroga para contestar la demanda ya que según alegó, su representación legal estaba de viaje. Poco después, la abogada que alegadamente le representaba presentó una moción donde indicó que ella no había sido contratada por el señor Gallardo por lo cual no era su representante legal. El tribunal entonces le concedió a éste un término de treinta días para que anunciara su representación legal.

Así las cosas, el tribunal le anotó la rebeldía al demandado-recurrido. Posteriormente, el demandado presentó por derecho propio su contestación a la demanda. El tribunal le ordenó consignar la cantidad de $50.00 como sanción, para proceder a levantarle la rebeldía.[1] En la resolución indicó que la vista en rebeldía se convertiría en una vista con antelación al juicio.

La referida vista se celebró el 2 de diciembre de 2004. A ésta el recurrido compareció representado por abogado

---

[1] No surge del expediente del Tribunal de Primera Instancia que el demandado hubiese consignado la referida cantidad.

quién días antes había asumido su representación legal. La vista se celebró en esa fecha, convirtiéndose para todos los efectos en una vista de seguimiento, por lo que la conferencia con antelación al juicio quedó pautada para el 17 de febrero de 2005. Posteriormente se señaló el caso para vista en su fondo, pero la misma no se pudo celebrar debido a la incomparecencia del abogado del demandado. Luego de varios trámites procesales se pautó el juicio para el 5 de abril del 2005. A esta vista, ante el juez Hon. Ángel Pagán Ocasio, la representación legal de la parte demandada no compareció y el abogado de la demandante le informó al tribunal del estado de las conversaciones entre las partes. La vista fue re-señalada.

El 27 de mayo de 2005, la representación legal del demandado presentó una moción solicitando se le autorizara renunciar a la representación del señor Gallardo. El Tribunal de Primera Instancia accedió a la solicitud y le concedió veinte (20) días al demandado para que anunciara nueva representación legal.

El 29 de septiembre, se celebró una vista de seguimiento a la cual no compareció la parte demandada. En es fecha el foro primario le anotó la rebeldía al demandado, señalándose la fecha para la vista en rebeldía.

La vista en rebeldía se celebró en la fecha pautada. La misma fue presidida por el juez Pagán Ocasio. La peticionaria compareció representada por su abogado y el recurrido por derecho propio. Del récord surge que el

demandado era consciente de que la vista era una en rebeldía y él participó activamente en la misma. El Tribunal de Primera Instancia dictó sentencia liquidando la comunidad de bienes el 8 de noviembre de 2005 y la notificó a las partes el 29 de noviembre de 2005. Véase, *Certiorari,* Apéndice I, págs. 1-10.

El 9 de diciembre de 2005, el recurrido, por conducto de una nueva representación legal, presentó un escrito titulado "Moción Solicitando Enmiendas o Determinaciones Iniciales o Adicionales, de Reconsideración y de Nuevo Juicio al amparo de las Reglas 43.3, 47 y 48, respectivamente, de las Reglas de Procedimiento Civil de Puerto Rico de 1979 y en Solicitud de Inhibición del Honorable Juez Pagán Ocasio."

En cuanto a la solicitud de inhibición, la cual fue presentada sin juramentar, el recurrido alegó "…que el proceso fue presidido por un Juez que debió haberse inhibido motu propio (sic), sobre todo cuando escuchó de forma ex parte a la demandante declarar bajo juramento sobre hechos que luego testificó nuevamente en el juicio…"[2] *Certiorari,* Apéndice II, pág. 18. La alegación que antecede se basa en una orden de allanamiento emitida por el juez Pagán Ocasio el 1 de julio de 2004, para registrar un almacén público alegadamente arrendado por el señor Gallardo Álvarez, en

---

[2] No fue hasta el 27 de abril de 2006, **luego de dictada la sentencia del Tribunal de Apelaciones,** que el recurrido presentó la declaración jurada correspondiente. Véase, Memorando en Oposición a que se Expida Auto de *Certiorari*, Alegato de la Parte Demandada-Recurrida, Apéndice I, págs. 1-2.

busca de un vehículo presuntamente hurtado que le pertenecía a la señora Martí Soler.[3] *Certiorari,* Apéndice V, págs. 64-66.

El juez Pagán Ocasio procedió a resolver las mociones sobre determinaciones de hechos adicionales, reconsideración y nuevo juicio, declarándolas sin lugar. Sobre la moción de inhibición dispuso que aunque tardía, la refería a la atención del Hon. Misael Ramos Torres, Juez Coordinador de Asuntos de lo Civil. Esta Resolución fue notificada el 23 de enero de 2006. *Certiorari,* Apéndice V, pág. 139.

El juez Ramos Torres emitió una orden sobre el particular el 24 de enero de 2006, la cual se notificó el 10 de febrero de 2006. Indicó, que no tenía nada que disponer en esa etapa de los procedimientos y que de ser necesario dispondría oportunamente. *Certiorari,* Apéndice IV pág. 25 y Apéndice V, pág. 141.

Inconforme con dicha determinación, el recurrido presentó un recurso de *certiorari* ante el Tribunal de Apelaciones el 27 de febrero de 2006. Alegó que el Juez Coordinador erró al no resolver la moción de inhibición presentada. Además, planteó que había cometido error el Tribunal de Primera Instancia al resolver las mociones de reconsideración, de determinaciones de hechos adicionales y nuevo juicio sin haber dilucidado antes los méritos de la petición de inhibición. Como tercer error señaló que de

---

[3] La orden manifiesta que el juez evaluó una declaración jurada firmada por la Sra. Sofía Martí Soler pero no se hace referencia a testimonio alguno ofrecido por la recurrente. *Certiorari,* Apéndice II, págs. 64-66.

tener la facultad el juez Pagán Ocasio para atender la moción, entonces cometió error al declararla no ha lugar. Véase, *Certiorari,* Apéndice V, pág. 33.

El Tribunal de Apelaciones, luego de declarar no ha lugar una moción de desestimación por falta de jurisdicción presentada por la señora Martí Soler, expidió el auto de *certiorari.* Oportunamente dictó sentencia en la que dejó sin efecto la resolución del Tribunal de Primera Instancia denegando la moción de reconsideración, de determinaciones de hechos adicionales y de nuevo juicio. Devolvió el caso al foro inferior para que el juez que fuera designado procediera a resolver la moción de inhibición y luego se resolvieran las mociones instadas por el señor Gallardo Álvarez. *Íbid,* pág. 232.

De esta determinación la peticionaria recurrió ante nosotros mediante el correspondiente recurso de *certiorari.* Señaló que erró el Tribunal Apelativo al denegar la moción de desestimación y revocar la denegatoria de las mociones post-sentencia, por entender que el Tribunal de Primera Instancia debió abstenerse de decidir.

El 21 de julio de 2006 emitimos una orden de mostrar causa dirigida al recurrido de por qué no debíamos expedir el auto solicitado y revocar la determinación del foro apelativo. Éste compareció por lo que, sin ulterior trámite, pasamos a resolver conforme intimamos.

**II.**

El juez ejerce en nuestra sociedad una singular función de equilibrio en los conflictos humanos. Debe "discernir el bien del mal, para distinguir lo que puede y debe hacerse, de aquello que debe ser evitado." Soto Nieto, *Ética profesional y su proyección en la prueba penal*, en *Ética de las profesiones jurídicas, Estudios sobre Deontología*, Quaderna Editorial, Murcia, España, 2003, vol. I, pág. 591. El Estado de Derecho se asienta sobre el recto y sabio ejercicio de las funciones judiciales. La singularidad de esta función, configura la imparcialidad del juzgador como exigencia del debido proceso de ley. Véase, *Hernández González v. Izquierdo Encarnación*, res. 4 de abril de 2005, 163 D.P.R. ___, 2005 T.S.P.R. 38; *Rivera Rodríguez v. Lee Stowell*, 133 D.P.R. 881, 888-889 (1993); *Rivera Santiago v. Srio. de Hacienda*, 119 D.P.R. 265, 274 (1987).

El ordenamiento legal ha provisto de varios mecanismos que le garantizan al ciudadano que en la adjudicación de su causa el juzgador será un ente imparcial. Y es que así debe ser pues los tribunales constituyen el último asidero de la fe de nuestro pueblo en la Justicia. "La fe de la ciudadanía en el sistema de justicia que impera en nuestro país . . . se preserva únicamente en la medida en que los ciudadanos confíen en la integridad, honestidad e imparcialidad de quienes tienen la noble encomienda de impartir justicia." *Rivera Cartagena v. Mariani y otros,*

res. 16 de octubre de 2003, 160 D.P.R. ___, 2003 T.S.P.R. 151.

El Canon 20 de los Cánones de Ética Judicial, ordena a los jueces a inhibirse en caso de perjuicio o parcialidad que les impida presidir un procedimiento judicial de la manera más justa, objetiva e imparcial.[4]  Las Reglas de Procedimiento Civil por su parte, 32 L.P.R.A. Ap. III, regulan el procedimiento para solicitar la inhibición del juez y así salvaguardar el derecho del litigante a un debido proceso de ley.

El procedimiento para la inhibición o recusación de un juez que preside un caso civil está dispuesto específicamente en la Regla 63 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 63.  La Regla 63.2, pauta el contenido de una moción de inhibición.  A esos efectos dispone:  "Cualquier recusación deberá ser jurada y expondrá los hechos en que se funda. Dicha recusación deberá ser presentada tan pronto el solicitante advenga en conocimiento de la causa de recusación."  Regla 63.2 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 63.2.

---

[4] El referido Canon dispone:  "Las juezas y los jueces entenderán y adjudicarán los asuntos que se les asignen, salvo aquellos en los que la ley requiera su inhibición y en cualesquiera de los casos siguientes, pero sin limitarse a éstos:
    a. por tener prejuicio o parcialidad hacia cualesquiera de las personas, las abogadas o los abogados que intervengan en el pleito o por haber prejuzgado el caso…"  *In re: Aprobación de Cánones de Ética Judicial de 2005*, 163 D.P.R. ___ (2005), 2005 T.S.P.R. 39, Canon 20.

De lo anterior se desprende que los componentes de la solicitud de inhibición son la juramentación, la exposición de los hechos en que se asienta y además, la exigencia temporal que la misma se presente sin dilación alguna una vez se conozcan las razones o motivos para la inhibición. Estas exigencias obedecen a serias consideraciones de política pública pues la solicitud de inhibición pone en tela de juicio la imparcialidad en la adjudicación de una controversia, elemento éste de la esencia misma de la Justicia. No son éstos meros requerimientos superfluos o tecnicismos triviales de los cuales se puede prescindir al antojo.

De 1904 hasta el 1958, la materia de inhibición de jueces estaba regulada por los artículos 23 y 83 del Código de Enjuiciamiento Civil ya derogados. Bajo estas disposiciones estatutarias, la inhibición de un juez se solicitaba mediante una moción donde se especificaba la causa de inhibición a la luz de las causales allí enumeradas. La petición debía sostenerse en una vista evidenciaria citada para esos propósitos. No se exigía que la solicitud fuera juramentada.[5]

Con las Reglas de Procedimiento Civil de 1958, se introdujo por primera vez la exigencia de que hubiese una

---

[5] Los Arts. 23 y 83 del Código de Enjuiciamiento Civil de Puerto Rico provienen del Código de Enjuiciamiento Civil de California. Del proceso de inhibición bajo las disposiciones del código californiano se desprende el requisito de que la solicitud de inhibición se hiciera mediante una affidávit. Véase, *Codes and Statutes of California*, *Code of Civil Procedure*, 1901, Sec. 170, pág. 40.

declaración bajo juramento. El eje principal del procedimiento establecido por dichas reglas fue precisamente esa declaración jurada imputando perjuicio, lo que se conoce como el *"affidavit of prejudice"*. R. Hernández Colón, *Manual de Derecho Procesal Civil*, Orford, N. H., 2da ed. rev. 1981, pág. 208-210. Adviértase que previo al 1958, como indicamos, la solicitud de inhibición se dilucidaba en una vista evidenciaria donde, evidentemente, el testimonio vertido era bajo juramento. Con las Reglas del 1958 se eliminó el requerimiento de vista pero se introdujo la moción juramentada. No es irrazonable concluir a base de lo anterior, que la exigencia de que la petición se juramente sustituye el testimonio bajo juramento que se requería bajo el esquema anterior del Código de Enjuiciamiento Civil.

La vigente Regla 63.2, aprobada en 1979, *supra*, simplificó el procedimiento para solicitar la inhibición de un juez, manteniendo el requisito de juramentación. J. A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, Publicaciones JTS, 2000, Tomo II, Cap. X, pág. 1135; Hernández Colón, *op. cit.*, pág. 213.

La regla, según redactada, pretende establecer un adecuado balance entre el derecho de todo litigante a tener un juzgador imparcial y el respeto institucional debido a los tribunales y sus magistrados.[6] De ahí que la regla

---

[6] "El abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto. Ello incluye la obligación de desalentar y evitar ataques injustificados o atentados ilícitos contra los jueces o contra el buen orden en la administración de la justicia en

establezca un mecanismo relativamente sencillo para que el litigante solicite la inhibición de un juez, pero a su vez exige que la solicitud sea juramentada y se presente tan pronto se tenga consciencia de la razón o los motivos para la inhibición.

Adviértase que el requisito de juramentar las alegaciones, mociones u otros escritos judiciales es la excepción y no la regla. "El propósito del juramento es el de someter a la parte a la penalidad de perjurio si se probara que el contenido de sus manifestaciones o declaraciones juradas no es cierto, **por lo que carece de eficacia cualquier escrito que bajo las Reglas de Procedimiento Civil deba ser jurado y no lo esté.**" (Énfasis nuestro.) *Piñero Fernández v. Martínez Santiago*, 104 D.P.R. 587, 590 (1976).[7]

La exigencia de una declaración jurada sirve entonces como mecanismo profiláctico para frenar la presentación de mociones de inhibición infundadas y frívolas. Véase, *In re: Rivera Cruz,* 126 D.P.R. 768, 778 (1990) (Rebollo López, J., op. dis.) Así se evita mancillar la reputación de un juez y empañar la imagen de objetividad e imparcialidad de los procesos judiciales. Pues, después de todo, la credibilidad

_____

los tribunales…" Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX C.9.

[7] En *Meléndez Gutiérrez v. E.L.A.*, 113 D.P.R. 811, 815 (1983), atemperamos la doctrina de *Piñero Fernández v. Martínez Santiago*, 104 D.P.R. 587 (1976), al resolver que la omisión de jurar **una demanda instada a tenor con la Ley Núm. 74 de 30 de mayo de 1976**, 26 L.P.R.A. sec. 4110, podía ser subsanada mediante solicitud al efecto de la parte demandante.

del juez se revela indispensable para la eficaz función de apaciguador de tensiones. "Dada la naturaleza y delicadeza del asunto **es requisito *sine qua non* para ser considerada que la moción [de inhibición] debe venir acompañada de juramento.**" (Énfasis nuestro.) Cuevas Segarra, *op. cit.*, pág. 1135.

En igual sentido, el requisito que la moción se presente tan pronto se tenga conocimiento de la causa de inhibición, pretende evitar el abuso en la presentación de este tipo de moción. Permitir que se dilate innecesariamente este planteamiento tiene el efecto de colocar a la parte que solicita la inhibición en una posición privilegiada frente a su contraparte. Así, si el fallo recaído le beneficia la parte guarda silencio y si le es desfavorable solicita la inhibición. *Departamento de la Familia v. Soto,* 147 D.P.R. 618, 646 (1999).

Lo cierto es que el derecho del litigante a solicitar la inhibición de un juez está limitado por los principios de la buena fe, abuso del derecho e incuria. Cuevas Segarra, *op. cit.*, pág. 1120. Ciertamente, ninguna dimensión del comportamiento humano es ajena a la ética. Véase, Gabaldón López, Reflexiones sobre la Ética Judicial, en *Ética de las profesiones jurídicas, op. cit.*, vol. II, págs. 781 *et seq.* En consecuencia, si una parte conociendo las causas de inhibición de un magistrado guarda silencio y se somete al procedimiento ante ese juez, renuncia a su derecho a

solicitar su inhibición luego de que ha recaído sentencia. Hernández Colón, *op. cit.*, pág. 212.

Por otra parte, la Regla 63.3 establece que "presentada y notificada la solicitud a que se refiere la Regla 63.2, se designará otro juez para que resuelva la misma". Regla 63.3 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 63.3.[8] En otras palabras, el mandato contenido en la Regla 63.3 es que cuando se presente una solicitud de inhibición **que reúna los requisitos establecidos en el inciso anterior**, ésta debe ser referida a otro juez.

Con este marco doctrinal de trasfondo veamos los hechos del caso.

### III.

En el caso ante nuestra consideración el recurrido, **una vez recayó sentencia en su contra**, presentó una moción **sin juramentar** solicitando la inhibición del juez Pagán Ocasio, por hechos conocidos desde que se instó la demanda. Como vimos anteriormente, el requisito de juramentación es uno *sine qua non* de la moción de inhibición, por lo que su incumplimiento, **en este caso**, se levanta como impedimento para considerar la misma como tal. Como señalamos en *Piñero Fernández, ante*, "carece de eficacia" aquella moción que las Reglas de Procedimiento Civil disponen ha de presentarse

---

[8] La Regla 63.3 recoge un sano principio adoptado en 1958, sin correspondencia federal. J. A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, Publicaciones JTS, 2000, Tomo II, Cap. X, pág. 1137, *Reglas de Práctica para Puerto Rico,* Orford, N.H., 1959, pág. 121, Tribunal Supremo de Puerto Rico, *Borrador del Proyecto de Reglas de Enjuiciamiento Civil,* 1954, pág. 162.

jurada. De esta forma, como se discutió, se evita la presentación de mociones frívolas que afectan la tramitación de un caso y cuestionan la integridad del proceso judicial.

Resolvemos por lo tanto que **en este caso y dado las particularidades del mismo**, la petición de inhibición no constituyó una eficaz moción de inhibición que le impidiese al juez de instancia atender la solicitud de determinaciones de hechos, reconsideración y nuevo juicio presentada en el mismo escrito donde se solicitó la inhibición.

Habida cuenta de lo anterior, la resolución del Tribunal de Primera Instancia declarando no ha lugar las mociones sobre determinaciones de hechos adicionales, reconsideración y nuevo juicio marcó el inicio del término para apelar; en cuyo caso, **el recurrido tenía hasta el 22 de febrero de 2006 para presentar su recurso de apelación.**[9]

Habiéndose presentado ante el Tribunal de Apelaciones el recurso de certiorari el 27 de febrero de 2006, el mismo fue tardío y dicho foro no tenía jurisdicción para acogerlo y posteriormente dictar sentencia como hizo.[10]   En

---

[9] "El recurso de apelación deberá ser presentado en la forma antes dispuesta, dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado." Regla 53.1 (c) de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, Regla 53.1 (c). Véase también, *Morán Ríos v. Martí Bardisona*, res. 5 de agosto de 2005, 165 D.P.R. ___, 2005 TSPR 110; *Juliá v. Vidal S.E.*, 153 D.P.R. 357, 365-367 (2001); *Santiago v. Palmas del Mar Properties, Inc.*, 143 D.P.R. 886, 897 (1997).
[10] En el recurso de *certiorari* presentado ante el Tribunal de Apelaciones también se solicitó la revisión de la orden dictada por el Hon. Misael Ramos Torres. La orden en cuestión no tiene ninguna eficacia ya que su génesis es una moción de inhibición, que como explicamos, es inoficiosa.

conclusión, el Tribunal de Apelaciones no tenía jurisdicción para entender en el recuso de *certiorari* presentado por el recurrido.

En atención a lo anterior, procede que se expida el auto solicitado y se dicte sentencia revocativa de la dictada por el Tribunal de Apelaciones.

Se dicta sentencia de conformidad

_____

Cualquier trámite ulterior consecuencia de la misma es improcedente.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Sofía Marti Soler

    Peticionaria

       vi.                        CC-2006-503

Fernando Gallardo Álvarez

    Recurrido

SENTENCIA

San Juan Puerto Rico a 19 de enero de 2007.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se expide el auto solicitado y se revoca la sentencia dictada por el Tribunal de Apelaciones.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo