A. Alvarez & Hnos., peticionarios, *v.* La Corte de Distrito del Distrito Judicial de San Juan, Hon. Pablo Berga, Juez, demandado.

No. 507.—*Visto:* Febrero 8, 1926. *Resuelto:* Marzo 26, 1926.

1. Costas—Cuantía, Tasación y Partidas—Pago Convenido por Contrato—Reclamación y Concesión en General — Fijación de su Importe. — No obstante haberse convenido el pago de las costas y honorarios por contrato, si dichas costas y honorarios se reclaman en general en la demanda al establecerse el pleito y se conceden también en general por la sentencia, la fijación de su importe y su cobro debe ajustarse al procedimiento marcado por la ley.

2. Costas—Naturaleza, Fundamentos y Extensión del Derecho en General—Renuncia del Derecho—Omisión de Archivar el Memorándum Dentro del Término.—Cuando una parte a cuyo favor se hace el pronunciamiento de costas en una sentencia, no archiva su memorándum dentro del término fijado por la ley, se entiende que renuncia su derecho a percibirlas.

Certiorari para revisar resolución de *Pablo Berga,* J. (San Juan), por la que se negó la aprobación al memorándum o liquidación de costas de los peticionarios. *Anulado el auto expedido.*

*Francisco Soto Gras,* abogado de los peticionarios.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Reclamados los autos del pleito No. 241 seguido en la Corte de Distrito de San Juan por A. Alvarez y Hermanos contra Isidoro Mitchel, sobre cobro de dinero y cumplimiento de contrato, a virtud del auto de *certiorari* expedido a instancias de A. Alvarez y Hermanos, resulta de ellos que el

5 de junio de 1924 se dictó sentencia "condenando al demandado a pagar a la demandante la suma de $1,057.75, intereses y costas, desembolsos y honorarios de abogados"; que apelada dicha sentencia para ante esta Corte Suprema, fué confirmada el 1 de agosto de 1925; que los demandantes no archivaron memorándum de costas dentro del término de ley; que el 21 de septiembre de 1925 pidieron a la corte que ordenara la ejecución de la sentencia y la corte accedió; que en cumplimiento de la orden de ejecución se vendió en pública subasta, el 28 de octubre de 1925, una casa del demandado en $1,575.00; que el márshal envió a la secretaría de la corte como producto líquido de la venta la suma de $1,524.87; que el 1 de diciembre de 1925 los demandantes presentaron una moción de pago de sentencia que contiene un párrafo que dice: "Que a los efectos de liquidar la sentencia en cumplimiento de contrato dictada por esta Hon. Corte, la reclamación del demandante se detalla así: Importe de la sentencia, $1,057.75.—Intereses hasta 30 de noviembre de 1925, $185.24.—Pagado al perito contable, $25.00.—Radicación demanda, $5.00.—Emplazamiento, $1.00. — Orden de embargo, $3.00. — Calendario, $5.00. — Registro del embargo, $11.00.—Honorarios de abogado, $300.00.—Total, $1,589.99"; que la corte declaró con lugar la moción en cuanto a la suma de $1,239.99 importe de la sentencia y "sin lugar en cuanto a las demás partidas por constituir costas, gastos y honorarios que debieron reclamarse en el memorándum de costas"; que no conformes los demandantes pidieron a la corte que reconsiderara su resolución y así lo hizo la corte "con el fin de que las partes comparezcan y discutan la cuestión ampliamente, a cuyo efecto la demandante notificará al demandado la minuta de diciembre 1 de 1925 y el demandado tendrá cinco días para impugnarla, transcurridos los cuales será dicha minuta sometida a la aprobación de la corte mediante señalamiento en calendario especial"; que el 4 de enero de 1926 comparecieron en

efecto las partes ante el juez de distrito y los demandantes presentaron prueba y el demandado impugnó la moción bajo el fundamento de que los demandantes carecían de derecho por no haber archivado el memorándum de costas y desembolsos dentro de los diez días de recibida en la corte de distrito la sentencia confirmatoria del Supremo, y que la corte, después de consignar en una opinión las razones que para ello tenía, decidió otra vez que sólo cabía ordenar el pago del importe de la deuda y no el de las costas y honorarios de abogado.

Sostienen los peticionarios que el criterio de la corte de distrito es erróneo porque el pago de las costas que ellos reclamaron fué convenido en el contrato, y siendo ello así, no estaban obligados a seguir el procedimiento marcado por la ley para los casos en que el pago de las costas surge exclusivamente de la sentencia.

El artículo 339 del Código de Enjuiciamiento Civil tal como quedó enmendado en 1908 (Comp. sec. 5383), dice: "Las costas se reclamarán por la parte a la que hayan sido concedidas, entregando al secretario de la corte, dentro de los diez días siguientes al en que se haya hecho firme la sentencia o decisión que haya puesto fin al asunto, un memorándum de dichas costas, de los desembolsos necesarios hechos en el pleito por el reclamante y del montante de la minuta de honorarios de su letrado. La veracidad de ese memorándum deberá ser jurada por la parte o su abogado. . . . ."

Sigue el artículo marcando el procedimiento que debe seguirse para oir a la otra parte y resolver en definitiva, y establece que contra la resolución que se dicte cabe el recurso de apelación. Nada en él revela que no sea un procedimiento para todos los casos en que haya que fijar el importe de las costas después de dictada la sentencia y de hecho, como dice el juez sentenciador en su opinión, a todos los casos se ha venido aplicando en Puerto Rico.

La circunstancia de que el pago de costas y honorarios se conviniera en el contrato previamente por las partes, no quiere decir que la cuestión no quedara sometida a la decisión de la corte.  De acuerdo con el contrato se reclamaron las costas y honorarios en la demanda, en general, y como la violación del contrato quedó demostrada en el juicio, uno de los pronunciamientos de la sentencia fué condenar al demandado al pago de las dichas costas y honorarios, sin fijar la suma.

El procedimiento a seguir estaba previsto en la ley y si los demandantes no se aprovecharon de él no tienen motivo de queja alguna pues la oportunidad fué amplia y completa.

Las decisiones de esta corte citadas por los peticionarios no resuelven de modo terminante este caso.  En ellas se establece que cuando el pago de las costas y honorarios se conviene previamente por las partes, la corte debe reconocer el convenio, pero ello no quiere decir que la fijación de su importe cuando no se determina en la sentencia misma y su cobro no deba ajustarse al procedimiento marcado por la ley.

Fuera de las decisiones de esta corte los peticionarios no citan jurisprudencia alguna.  Esta materia de costas es amplísima.  *Corpus Juris,* por ejemplo, dedica más de trescientas páginas de su tomo quince, donde se citan miles de casos, a tratarla, y de él tomamos lo que sigue:

"Una parte con derecho a costas puede renunciarlo y dicha renuncia puede ser expresa o tácita.

"El derecho a costas puede ser renunciado por virtud de la omisión de radicar una solicitud al efecto dentro del término fijado por el estatuto."  15 C. J. 106.

En ausencia de citas pertinentes que pudieran sostener la contención de los peticionarios, creemos que debe sostenerse el criterio de la corte sentenciadora.

*Debe anularse el auto expedido* y devolverse el pleito a la corte de su origen.