AMERICAN COLONIAL BANK OF PORTO RICO, demandante y apelado, v. MANUEL ROSSY y JESÚS MA. ROSSY, demandados y apelantes.

No. 4350.—*Sometido:* Abril 9, 1929. *Resuelto:* Mayo 7, 1929.

*M. F. Rossy,* abogado de los apelantes; *O. B. Frazer* y *R. Castro Fernández,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Se trata de un pleito seguido por el American Colonial Bank of Porto Rico contra Manuel F. y Jesús M. Rossy en cobro de dinero.

Fué el pleito a juicio y practicada la prueba dictó la corte sentencia declarando la demanda con lugar. No conformes los demandados apelaron, señalando en su alegato la comisión de siete errores. La parte apelada los impugnó debidamente en el suyo.

Hemos estudiado cuidadosamente el caso y a nuestro juicio sólo existe una cuestión fundamental dudosa: la de si la obligación de pagar los demandados al demandante la suma reclamada hecha constar en un pagaré, fué o no novada por otra a virtud de la cual el demandado Manuel F. Rossy por sí solo se comprometía a pagar la deuda garantizándola con una segunda hipoteca sobre cierta finca rústica de su propiedad.

El demandante reclamó basándose en el pagaré. Los demandados sostuvieron que la obligación fué novada. La corte decidió que no existió la novación.

■ La existencia de la novación está sostenida por la declaración del demandado M. F. Rossy y apoyada en cierto modo por una carta que le dirigiera el banco el 11 de septiembre de 1925, pero otra carta que también le dirigiera el banco el 12 de septiembre de 1925 y que él dejó de contestar y la declaración de su Vice Presidente el Sr. H. L. Cochran, la niegan, explicando que lo de la hipoteca fué una garantía adicional para avenirse el banco a seguir prorrogando la deuda.

El conflicto de la prueba fué decidido expresamente en contra de los demandados por la corte sentenciadora y nada encontramos en los autos que nos permita afirmar que erró al proceder de tal modo. Además, la prueba demuestra que en el tiempo en que la segunda hipoteca fué ofrecida bien para novar la obligación, ya para obtener nuevas prórrogas, el demandado Rossy no estaba en condiciones de constituirla.

■ Lo dicho resuelve los seis primeros errores. En el último se sostiene que al fijar la corte de distrito en su sentencia la suma de doscientos dólares para honorarios de abogado, infringió, por no aplicarlos, el art. 327 del Código de Enjuiciamiento Civil tal como fué enmendado por la ley No. 38 de 1917 y la Ley No. 15 enmendando el artículo 339 de dicho Código, de 19 de noviembre de 1917.

Tampoco creemos que cometiera la corte sentenciadora este error que le atribuyen los apelantes. En el pagaré se comprometieron expresamente los demandados a pagar honorarios de abogado en caso de reclamación judicial y en la demanda se alegó expresamente también que se calculaban dichos honorarios en doscientos dólares.

En el caso de *A. Álvarez y Hnos.* v. *Corte de Distrito,* 35 D.P.R. 222, esta corte estableció la siguiente doctrina:

"No obstante haberse convenido el pago de las costas y honorarios por contrato, si dichas costas y honorarios se reclaman en

general en la demanda al establecerse el pleito y se conceden también en general por la sentencia, la fijación de su importe y su cobro debe ajustarse al procedimiento marcado por la ley."

Y en el curso de la opinión la corte se expresó así:

"Las decisiones de esta corte citadas por los peticionarios no resuelven de modo terminante este caso. En ellas se establece que cuando el pago de las costas y honorarios se conviene previamente por las partes, la corte debe reconocer el convenio, pero ello no quiere decir que la fijación de su importe cuando no se determina en la sentencia misma y su cobro no deba ajustarse al procedimiento marcado por la ley."

Aquí existen los requisitos que faltaban en el caso de A. Álvarez y Hnos., esto es, la corte visto el previo acuerdo de las partes contratantes y la expresa alegación del demandante en su demanda, fijó en su sentencia el montante de los honorarios. No precisaba esperar al procedimiento ulterior que la ley establece para cuando el montante queda indeterminado. Es la corte la que tiene también jurisdicción para fijar el montante en esa segunda etapa del procedimiento, y no era necesario esperar a ella porque la parte demandante como hemos indicado se cuidó de plantear desde el primer momento no sólo la procedencia de los honorarios por virtud del acuerdo de los propios contratantes, sino su cuantía, dándose así la debida oportunidad a los demandados para discutir ambas cuestiones.

*Por virtud de todo lo expuesto, debe declararse no haber lugar al recurso establecido y confirmarse la sentencia apelada.*