Ramón Montaner, en su carácter de Administrador del Fondo del Seguro del Estado, recurrente, *v.* La Comisión Industrial de Puerto Rico, compuesta por los Sres. Manuel León Parra, Presidente, y F. Paz Granela y Juan M. Herrero, Comisionados Asociados, recurrida; y Josefina Fuentefría, et als., peticionarias ante la Comisión Industrial.

Núm. 155.—*Sometido:* Junio 5, 1939. *Resuelto:* Junio 13, 1939.

*Virgilio Brunet* y *F. Rebollo López,* abogados de la peticionaria ante la Comisión; *Hon. Procurador General B. Fernández García* y *Emilio de Aldrey, Procurador General Auxiliar* y *Víctor J. Vidal González* y *G. Atiles Moréu,* abogados del Fondo del Estado, abogados del recurrente; *M. León Parra,* abogado de la recurrida.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

En este caso el Administrador del Fondo del Estado recurrió para ante este tribunal de la resolución que a favor de las beneficiarias del obrero Miguel Parque dictó la Comisión Industrial con fecha primero de agosto de 1938. El abogado Sr. Brunet compareció en representación de Josefina Fuentefría, viuda del obrero Parque.

Tanto el Sr. Brunet como la representación legal del Fondo del Seguro del Estado radicaron extensos alegatos e

informaron oralmente en apoyo de sus respectivas posiciones, recayendo finalmente resolución confirmatoria de la dictada por la Comisión Industrial. Terminado así el procedimiento, presentó ante este tribunal el abogado Sr. Brunet una moción en que solicita que de acuerdo con las disposiciones de la sección 35 de la Ley núm. 45 de 1935 (Leyes de ese año, (1) pág. 251) se fijen sus honorarios por los servicios prestados a su representada en este Tribunal.

Hasta ahora nadie había sugerido que los honorarios del abogado del obrero o sus herederos o beneficiarios deba pagarlos el Fondo del Estado cuando la resolución sea adversa a las contenciones del Administrador de dicho Fondo. No teniendo el Administrador del Fondo interés alguno en el resultado de dicha moción de honorarios, naturalmente no fué notificado de ella. En su informe oral en la vista de la moción expresó el abogado Sr. Brunet que era injusto que sus honorarios fuesen pagados con cargo a la compensación que correspondiese a su cliente, e indicó que debían ser pagados por el Fondo del Estado, toda vez que la actuación del Administrador al recurrir para ante este tribunal había obligado a su cliente a utilizar sus servicios aquí. Como el Administrador no había sido notificado de la moción solicitando honorarios de abogado, acordó este tribunal conceder permiso al Sr. Brunet para que enmendase su moción y la notificase al Administrador del Fondo del Estado, señalándose una audiencia para oír a las partes. Así se hizo, compareciendo ambas partes a la vista señalada para el 5 del actual. Informaron oralmente y la representación legal del Administrador del Fondo del Estado radicó una moción fundamentada, oponiéndose a las pretensiones del abogado de la viuda del obrero, al efecto de que sus honorarios por los servicios prestados ante este tribunal fuesen pagados por el Fondo del Estado.

Como no existe contención alguna en cuanto al derecho del Sr. Brunet a que se le paguen sus honorarios por los servicios prestados ante este tribunal y la única contención

es quién debe pagarlos, si el obrero o si el Fondo del Estado, empezaremos por determinar quién debe pagarlos e inmediatamente después fijaremos su cuantía.

■■ A falta de una ley que lo autorice, los tribunales no tienen facultades para hacer pronunciamiento de costas. En otras palabras, el pronunciamiento de costas no es un poder inherente de los tribunales. 7 R.C.L. 781. Tampoco pueden incluirse en un memorándum de costas los honorarios de abogado en defecto de una ley que así lo autorice. 7 R.C.L. 792. Por consiguiente, para determinar si el peticionario tiene derecho a que tales honorarios los pague el Fondo del Estado, precisa recurrir a la Ley núm. 45 de 1935, supra, única que puede darnos luz alguna sobre esta cuestión.

Las disposiciones de dicha ley que tienen pertinencia a la cuestión en controversia, son los artículos 11 y 35, que literalmente dicen así:

"Artículo 11. Cualquier parte interesada podrá presentar copias certificadas de una orden o decisión de la Comisión Industrial, de acuerdo con esta Ley, contra la cual se haya radicado petición de revisión y haya recaído resolución de ésta, de la que podrá solicitarse revisión ante la Corte Suprema de Puerto Rico dentro del término de quince (15) días después de su notificación; *Disponiéndose,* que dicha revisión solamente podrá concederse sobre cuestiones de derecho.

"*Ninguna de las partes incurrirá en costas de clase alguna en la tramitación de los recursos establecidos por esta Ley.*

"Artículo 35. Los obreros o empleados no necesitarán comparecer asistidos de abogados ante el Administrador del Fondo del Estado o ante la Comisión Industrial para la gestión, liquidación o resolución de sus casos, pero si decidieren obtener los servicios de alguno para la mejor dirección y defensa de sus casos, la Comisión Industrial fijará el tanto por ciento que deba pagársele al abogado en la gestión de una reclamación en favor del empleado u obrero o sus herederos o beneficiarios, de acuerdo con las disposiciones de esta Ley.

"En tales casos la Comisión Industrial fijará, *con cargo a la compensación que se conceda,* el tanto por ciento que deba corresponder

al abogado como honorarios. No se permitirá bajo ninguna circunstancia la comparecencia de agentes u otras personas en ningún caso en reclamación ante la Comisión Industrial a menos que se trate de un menor o incapacitado en el cual caso la persona que represente al menor o incapacitado no podrá cobrar suma alguna ni recibir remuneración alguna de ninguna índole por representar o ayudar en su reclamación de compensación al interesado.

"En los casos que sean objeto de revisión ante las cortes y en los de *mandamus* autorizados por esta Ley y en que se utilicen los servicios de un abogado, *la Corte ante la cual se vea el caso fijará los honorarios que equitativamente debe recibir el abogado.*" (Bastardillas nuestras.)

Ninguna de las dos disposiciones legales transcritas autoriza a este tribunal para imponer al Fondo del Estado el pago de los honorarios del abogado del obrero o de sus herederos o beneficiarios, y ya hemos visto que a falta de un estatuto que lo autorice, los tribunales carecen de facultad para condenar a la parte perdidosa al pago de honorarios de abogado. Por el contrario, el artículo 11 supra dispone que "*ninguna de las partes incurrirá en costas de clase alguna en la tramitación de los recursos establecidos por esta Ley.*" Un pronunciamiento de honorarios de abogado a favor del obrero o sus beneficiarios con cargo al Fondo del Estado estaría en contravención al precepto legislativo que dispone que ninguna de las partes incurrirá en costas en la tramitación de los recursos establecidos por la ley. Por el contrario, al autorizar el artículo 35 a la Comisión Industrial para fijar los honorarios del abogado del obrero o sus herederos o beneficiarios, y disponer que sean pagados *con cargo a la compensación que se conceda,* nos da la pauta a seguir en cuanto a los honorarios que fije este tribunal, pues no existiendo razón alguna que justifique establecer distinción en cuanto a la fuente de donde deben pagarse tales honorarios, debemos seguir el criterio establecido para la Comisión Industrial, es decir, que dichos honorarios se paguen con cargo a la compensación que se conceda al obrero o sus beneficiarios, pues

donde existe la misma razón debe aplicarse la misma ley. Por consiguiente, resolvemos que los honorarios del abogado del obrero, sus herederos o beneficiarios deberán pagarse en todo caso con cargo a la compensación que se les haya concedido. Claro está que el Administrador del Fondo del Estado, teniendo en cuenta el espíritu humanitario que inspira esta ley, no establecerá recursos para ante este tribunal que no sean meritorios, evitando así causar perjuicios innecesarios al obrero, sus herederos o beneficiarios.

Determinado quién debe pagar los honorarios del abogado de la beneficiaria, Sra. Fuentefría, pasemos ahora a determinar la cuantía de dichos honorarios.

La cuestión legal envuelta en nuestra resolución de 9 de mayo último no se había promovido antes en esta jurisdicción y su importancia es evidente. Pero no debemos olvidar que se trata de fijar el valor de los servicios prestados en este tribunal *solamente,* sin que perdamos de vista que las cuestiones aquí suscitadas fueron las mismas que se levantaron y resolvieron en la Comisión Industrial, lo que necesariamente implica, por lo menos en lo que a este caso respecta, que no requirió nuevo esfuerzo por parte del abogado su trabajo en este tribunal, pues ya lo había hecho con éxito en la Comisión Industrial. También debemos tener en cuenta que la persona que ha de pagar dichos honorarios es la viuda de un obrero, necesariamente pobre.

Sentadas estas premisas, y habida cuenta de que el trabajo del Sr. Brunet consistió en un extenso y bien razonado alegato y en su informe oral el día de la vista del recurso de revisión, entendemos que la cantidad de $50 compensa razonablemente los servicios prestados por dicho abogado ante este tribunal, teniendo en cuenta además que por los prestados ante la Comisión Industrial y ante el Administrador del Fondo del Estado será debidamente compensado por la Comisión Industrial.