Arbona Lago, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Hechos
Los esposos codemandantes, Sr. Alian Reyes Jiménez y Sra. Joanna M. Sullivan Dávila, suscribieron el 31 de agosto de 1998 un pagaré hipotecario por el principal de $337,875.00 al 7 3/8 de interés anual vencedero el 1 de septiembre de 2028, conforme consta del affidávit 126 y de la escritura de hipoteca número 90, otorgada en San Juan, Puerto Rico, ante la notario Carmen L. Guerrero Tamayo. Presentada la escritura ante el registro de la propiedad, calificada e inscrita, quedó gravada con la hipoteca una finca urbana sita en la Urb. Dorado del Mar Hotel and Country Club, Primera sección (West), Barrio Pueblo, Municipio de Dorado, Puerto Rico. La escritura quedó presentada al asiento 157, diario 76, sección 4 de Bayamón y quedó inscrita al folio 81 del tomo 249 de Dorado, sección IV de Bayamón. De autos, no encontramos el número de finca registral.
El 2 de octubre de 2001, los codemandantes Reyes-Sullivan vendieron el inmueble a los codemandantes Carlos G. Ortiz Velázquez y Rosa Vázquez Solivan, saldaron la deuda hipotecaria y como es práctica y costumbre en la industria, junto con el cheque entregaron al tenedor del pagaré, R & G Premier Bank of P. R. y R & G Mortgage, un documento autorizando y requiriendo que el pagaré de referencia fuese entregado al Ledo. Julio R. Benitez, para su eventual cancelación.
Casi tres años luego, los esposos Reyes-Sullivan y Ortiz-Vázquez presentaron ante el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI), la causa DCD2004-0640 sobre: “Cancelación de Pagaré Extraviado” en la que alegaron bajo juramento de la siguiente manera:

“7- Que el día 2 de octubre de 2001, el co-demandante Carlos Ortiz, en representación de todos los demandantes, le entregó a la señora Norma Hernández un cheque certificado pagando el balance de 
*980
cancelación del referido préstamo, y una autorización para que el pagaré aquí en cuestión le fuera entregado al Ledo. Julio R. Benitez.

8- Que el original de dicho pagaré no ha podido ser localizado, a pesar de las múltiples gestiones realizadas al efecto y la codemandada R&G Mortgage lo que indica es que lo envió a una dirección postal del co-demandante Reyes, lo cual demuestra su negligencia.

9- Que los demandantes interesan cancelar la hipoteca constituida garantizando dicho pagaré hipotecario por haberse pagado la obligación que éste evidenciaba y no han podido hacerlo por haberse extraviado el mismo.

POR TODO LO CUAL: solicitamos al Honorable Tribunal, respetuosamente, que previo los trámites legales pertinentes, dicte Sentencia declarando Con Lugar esta demanda y en consecuencia Ordene la cancelación del Pagaré y de la Hipoteca en el Registro de la Propiedad correspondiente, y ordene a las co-demandadas R&G Premier Bank of P.R. y R & G Mortgage pagarle a los demandantes los gastos y costas en que han tenido que incurrir para llevar este proceso. ”

Todos los codemandados fueron emplazados, específicamente R&G Premier Bank of Puerto Rico y R & G Mortgage mediante diligenciamiento personal el 5 de abril de 2004.
Transcurrido el término de ley sin que ninguno de los codemandados contestare, el 10 de mayo y el 13 de julio de 2004, el demandante solicitó la anotación de la rebeldía, lo que ocurrió el 24 de junio y el 18 de agosto de 2004. En esta última fecha, el TPI pautó la vista en rebeldía para el 8 de septiembre de 2004 y la causa quedó sometida. Así las cosas, todavía pendiente el dictamen de sentencia, el 13 de septiembre de 2004, la parte demandante presentó ante el hermano foro de primera instancia un “Memorando de Costas” jurado y por la suma total de $263.50.
El 13 de octubre de 2004, archivada en autos copia de su notificación el 5 de noviembre de 2004, el TPI dictó sentencia en la que ordenó la cancelación del referido instrumento negociable y su garantía hipotecaria. Al final del dictamen también dispuso como sigue:

“Se le impone a los co-demandados R&G Premier Bank of Puerto Rico y R&G Mortgage, el pago de $263.50 por concepto de costas y la suma de $1,500.00 por concepto de honorarios de abogado a favor de los demandantes conforme lo solicitado en la demanda. ”

Es precisamente de dicha imposición de costas y honorarios de abogado que se apela en el presente recurso, no en cuanto a la cancelación del pagaré y el gravamen hipotecario en su garantía.
R&G Premier Bank of Puerto Rico y R & G Mortgage, recurren e imputan que:

“Erró el Honorable Tribunal de Primera Instancia al imponer el pago honorarios de abogado a los co-demandados declarados en rebeldía sin estar presentes la temeridad ni la frivolidad exigida por las Reglas de Procedimiento Civil; y al imponer costas mediante la radicación de un memorando de costas presentado antes de dictarse sentencia, contrario a lo establecido en las Reglas de Procedimiento Civil. ”

Los apelados han comparecido, la causa está sometida y debemos disponer.
Exposición v Análisis
Se trata de dos aspectos que aunque muy interrelacionados, cuentan con requisitos por separado dentro de *981 una misma Regla 44 de Procedimiento Civil, 32 L.P.R.A. Ap. HI, R. 44, que en sus párrafos (a), (b) y (d), aquí pertinentes, disponen:

“Regla 44.1. Las costas y honorarios de abogados

(a) Su concesión. — Las costas le serán concedidas a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación, excepto en aquellos casos en que se dispusiera lo contrario por ley o por estas reglas. Las costas que podrá conceder el tribunal son los gastos incurridos necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que un litigante debe reembolsar a otro.
(b) Cómo se concederán. — La parte que reclame el pago de costas presentará al tribunal y notificará a la parte contraria, dentro del término de diez (10) días contados a partir del archivo en autos de copia de la notificación de la sentencia, una relación o memorando de todas las partidas de gastos y desembolsos necesarios incurridos durante la tramitación del pleito o procedimiento. El memorando de costas se presentará bajo juramento y consignará que según el leal saber y entender del reclamante o de su abogado, las partidas de gastos incluidas son correctas y que todos los desembolsos eran necesarios para la tramitación del pleito o procedimiento.
(c).
(d) Honorarios de abogado. — En caso que cualquier parte o su abogado haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable, el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta. — Reglas de Procedimiento Civil, 1979; Diciembre 30, 1986, Núm. 2, p. 719; Diciembre 25, 1995, Núm. 249, art. 13, ef. Mayo 1, 1996. ” (Énfasis suplido).
A. Honorarios de abogados:
El apelante expone que nunca incurrió en “temeridad o frivolidad’ y “[l]a rebeldía por incomparecencia no es sinónimo de temeridad”, por lo que entiende que el TPI no contaba con discreción para imponerlos en la causa del epígrafe, por lo que actuó en contravención a las reglas procesales.
Por su parte, los apelados plantean en oposición, que en la demanda DCD2004-0640 claramente alegaron que la pérdida del pagaré hipotecario en poder del Banco causó el tener que incurrir en el trámite judicial, lo que se debió a que el Banco no prestó atención a las instrucciones recibidas de los esposos Reyes-Sullivan, cuando se pagó la deuda, para que entregaran el pagaré al Ledo. Julio R. Benitez, quien procedería a su eventual cancelación.
Acto seguido y al párrafo octavo de la demanda, los demandantes alegaron que el extravío del pagaré se debe a la “negligencia” del Banco y solicitaron el reembolso de las costas y honorarios de abogados incurridos por los demandantes en el trámite judicial, indispensable para lograr la cancelación de la hipoteca por la vía judicial, a falta de la tenencia física del pagaré.
De ordinario, en este tipo de trámite —cancelación un pagaré extraviado — , no suele imponerse costas ni honorarios de abogado, por lo que salta a la vista esta controversia. Pero la razón para ello es que, de ordinario, quien tramita tales expedientes suele ser también la persona o entidad que tenía el pagaré bajo su custodia y fue responsable por el extravío del documento.
En este caso, la situación es distinta, por lo cual no es de extrañar que distinto también sea el remedio. *982 Como queda ya dicho, en la demanda específicamente se alegó que en el extravío medió negligencia de parte del Banco, tenedor del pagaré y se solicitó el reembolso de “gastos y costas”. Ante tal reclamo, la parte demandada se cruzó de brazos y nada alegó en contrario. Atendida la vista, el TPI dispuso, encontró y resolvió que procedía la cancelación solicitada y que también procedía ordenar al Banco que cubriere los “gastos y costas” del proceso; habida cuenta la forma y manera en que se extravió el pagaré.
Si se quiere ser muy específico en la nomenclatura legal, diríamos que el expediente DCD-2004-0640 trata sobre cancelación de pagaré extraviado y recobro de los gastos que tal trámite causó al demandante, debido a la imputada y aceptada negligencia del banco en el manejo del pagaré ya saldo. Después de todo, el alfanumérico DCD2004 significa causa de cobro de dinero presentada ante el TPI, Sala de Bayamón, en el 2004.
Independientemente de que la admisión de tales alegaciones bajo juramento permita que conforme a la doctrina de The Continental Ins. Co. v. Isleta Marina, 106 D.P.R. 809 (1978), quede judicialmente establecido que medió negligencia de parte del Banco, lo cierto es que el asunto fue a vista plenaria, en la que se practicó prueba oral y documental el 24 de septiembre de 2004 y el TPI encontró probado lo alegado, por lo que ordenó la cancelación del pagaré extraviado e impuso condena en honorarios contra el Banco, todo ello en ausencia voluntaria de este último. Nada alegó, entonces, el Banco ante el TPI sentenciador y desaprovechó la amplia oportunidad que para ello tuvo. Cf. Isaac Sánchez v. CII, 95 D.P.R. 372, 382 (1967).
En esta jurisdicción, el concepto “temeridad’ no está expresamente definido por la Regla 44.1(d) de Procedimiento Civil, supra, pero ha sido ampliamente delineado por la jurisprudencia. En términos generales, se considera temerario toda aquella conducta que haga necesario un pleito que se pudo evitar o que requiera de otra parte efectuar gestiones que pudieron ser evitadas. Torres Ortiz v. E.L.A., 136 D.P.R. 556 (1994); Elba A.B. M. v. UPR, 125 D.P.R. 294 (1990); Hawayek v. A.F.F., 123 D.P.R. 526 (1989); Colondres Vélez v. Bayrón Vélez, 114 D.P.R. 833 (1983).
El concepto alcanza a conducta de las partes observadas aún antes de iniciado el proceso judicial. Raoca Plumbing v. Trans World, 114 D.P.R. 464, 466 (1983).
Ante los hechos específicos que informan esta causa, no podemos arribar a la conclusión de que el ilustrado foro de instancia incidió al imponer a la parte demandada la suma de $1,500.00 en calidad de honorarios de abogados a favor de la parte demandante, para cubrir los honorarios legales incurridos por los demandantes que resultaron necesarios para lograr la cancelación del pagaré hipotecario antes relacionado y lograr también la cancelación registral de la garantía hipotecaria que lo respalda.
B. Costas:
Como queda antes dicho, el 8 de septiembre de 2004, quedó sometida la causa ante el TPI de la siguiente forma:

“Con relación a la Certificación registral, el licenciado Benitez solicita 10 días para someter la misma.

El Tribunal declara con lugar la solicitud, condicionado a que se someta la certificación registral. Se someterá proyecto de sentencia en 10 días y la certificación. ” (Ap. 8, pág. 15).
El memorando de costas fue juramentado el 13 de septiembre de 2004 y presentado el 24 de septiembre de 2004 (Ap. 9, pág. 17 — 18).
No fue hasta el 13 de octubre de 2004 que el TPI dictó sentencia, la que fue archivada en autos y notificada el 5 de noviembre de 2004, incluyendo ya la partida de costas en la suma de $263.50.
*983 Obviamente, se incumplió totalmente con la letra y el espíritu de la Regla 44.1(a) de Procedimiento Civil, 32 L.P.R.A. Ap. DI, R. 44.1(a).
Es necesario aquí consignar que el derecho al recobro de costas sólo existe por vía de la legislación y a falta de ello o de un acuerdo entre las partes, no hay autoridad en ley para que un tribunal las conceda. Como se sabe, salvo pacto en contrario, la Regla 44.1(b)(c) de Procedimiento Civil, 32 L.P.R.A. Ap. HI, R. 44.1(b), sólo contempla las costas incurridas hasta el momento de la sentencia y por ello requiere de un memorando de costas en término de 10 días de caducidad a partir del archivo en autos de copia de la notificación de la sentencia ante instancia o apelación. Véase: Miller v. Colonial Baking Co. of Alabama, 402 So. 2d 1365 (1981); City of Muskegon v. Slater, 152 N.W.2d 652 (1967); United Development Corp. v. State Highway Dept., 133 N.W.2d 439 (1965); Stewart v. Lee-Stewart Inc., 425 P.2d 118 (1967); Garriga, Jr. v. Tribunal Superior, 88 D.P.R. 245 (1963); Acha v. Nevares, 59 D.P.R. 235 (1941); Montaner, Admor. v. Comisión Industrial, 55 D.P.R. 91 (1939); Martínez v. Pagan López & Co., 17 D.P.R. 613 (1911); Modesto et al v. Sucesión Dubois, 16 D.P.R. 745 (1910); González v. Gromer, 16 D.P.R. 1 (1910).
No es aquí necesario entrar a examinar la idoneidad de cada partida vis-a-vis la reclamación y el trámite judicial, puesto que surge claramente del récord que el término de caducidad para reclamarlos comenzó con el archivo en autos de copia de la sentencia del 13 de octubre de 2004, que ocurrió el 5 de noviembre de 2004 y terminó el 15 de noviembre de 2004.
Como se sabe, la sentencia es sólo la parte dispositiva de un dictamen en el cual se adjudica y define finalmente la controversia del caso o el derecho entre las partes. Debe resolver definitivamente todas o alguna de las reclamaciones separables, de manera que permita su apelación o revisión y pueda llegar a ser ejecutable. Ramos y otros v. Colón y otros, 153 D.P.R. _, 2001 J.T.S. 33; U.S. Fire Ins. Co. v. A.E.E., 151 D.P.R. _, 2000 J.T.S. 146; Cárdenas Maxán v. Rodríguez, 119 D.P.R. 642, 656-57 (1987); Díaz v. Navieras de P.R., 118 D.P.R. 297, 303 (1987).
La Regla 43.1 de Procedimiento Civil, 32 L.P.R.A. Ap. m, R. 43.1, dispone que “el término ‘sentencia’ incluye cualquier determinación del Tribunal de Primera Instancia que resuelva finalmente la cuestión litigiosa de la cual pueda apelarse”', se trate de la totalidad del caso o de parte separable del mismo, en cuyo último caso será sentencia parcial.
Es reiterada norma que “[u]na sentencia es final o definitiva cuando resuelve el caso en sus méritos y termina el litigio entre las partes, en forma tal que no queda pendiente nada más que la ejecución de la sentencia,” (énfasis nuestro), sea ello en cuanto a partes en litigio o asunto en controversia.
Además, no existe sentencia hasta que ésta sea firmada, archivada en autos y notificada conforme lo requiere el debido trámite.
La adecuada notificación constituye un requisito fundamental del debido proceso de ley, el cual es requerido a lo largo de todo el proceso judicial. Por ello, la garantía constitucional requiere que el tribunal notifique toda orden, resolución o sentencia que emita. Medio Mundo, Inc. v. Rivera, res. el 8 de junio de 2001, 154 D.P.R. _, 2001 J.T.S. 88; Martínez, Inc. v. Abijoe Realty Corp., res. el 12 de mayo de 2000, 151 D.P.R. _, 2000 J.T.S. 85; Rodríguez Mora v. García Llorens, res. el 17 de diciembre de 1998, 147 D.P.R. _, 98 J.T.S. 152; Falcón Padilla v. Maldonado Quirós, 138 D.P.R. 983 (1995). Alvarez Elvira v. Arias Ferrer, 156 D.P.R. _, 2002 J.T.S. 37.
En Rodríguez v. Tribunal Municipal, 74 D.P.R. 656, 664 (1953), explicamos así la diferencia entre una resolución y una sentencia:
*984 “No es muy difícil concluir que existe una diferencia conceptual categórica entre una ‘resolución’ y una ‘sentencia’. Ninguna de las dos constituyen un término genérico dentro del cual pueda entenderse comprendida la otra específicamente. Una resolución pone fin a una incidente dentro del proceso judicial, mientras una sentencia pone fin a la controversia entre las partes mediante una adjudicación final. Existe además entre ambas una diferencia en la práctica seguida para la notificación. Cuando se trata de una resolución, el tribunal notifica a las partes sin advertirles de su derecho a apelación. Cuando se trata de una sentencia, el secretario le notifica a las partes sobre la adjudicación final, su derecho a apelar, y la fecha exacta del archivo de dicha notificación en los autos, que es la que determina desde cuándo empieza a correr el término para apelar.” (Énfasis nuestro). De Jesús v. Corp. Azucarera de P.R., 145 D.P.R. 899, 904 (1998) (Énfasis suplido).
Tratándose de sentencias:
“Las reglas 65.3 y 67.2 de Procedimiento civil, 32 L.P.R.A. Ap. III, establecen la forma como se hará toda notificación.(!) Si se utiliza el correo, se entenderá que los abogados serán notificados a la vez y, correctamente, a sus direcciones conocidas en el expediente. Cuando por equivocación no se hace de esa manera ni se da esa simultaneidad, la notificación es a priori defectuosa y no se activan ni comienzan a transcurrir los términos jurisdiccionales para presentar el memorando de costas, pedir reconsideración, solicitar determinaciones o enmiendas a conclusiones de hecho o de derecho, o apelar. ” (Énfasis nuestro). Rodríguez Mora v. García Llorens, supra, págs. 310-311.
El ordenamiento sustantivo y procesal requiere de razonable certeza en todo su ámbito para garantizar el óptimo funcionamiento del sistema. Ello es un asunto de tanta importancia que goza de garantía constitucional al amparo del debido trámite, Art. II sec. 7, Constitución del E.L.A., Enmiendas Y y XIV, Constitución E.U.A. Cuando el trámite consta claramente establecido por escrito, en forma llana y precisa, como ocurre en la Regla 44.1(b) de Procedimiento Civil, supra, respecto al recobro de costas, es preciso que para la garantía de todos nos atengamos al texto.
Si todavía no ha ocurrido el “archivo en autos de copia de la notificación de la sentencia”, como lo requiere la Regla, resultará ineficaz por prematuro y no producirá efecto alguno su presentación, pues en ese momento no ha nacido autoridad judicial para acogerlo y menos para conservarlo para luego reactivarlo.
En situación procesalmente similar a la presente, se ha resuelto en Pueblo v. Santana Rodríguez, 148 D.P.R. 400,402-403 (1999) que:
“Prematuro, lo que ocurre antes de tiempo; en el ámbito procesal, una apelación o recurso prematuro es aquél presentado en la Secretaría de un Tribunal apelativo antes de que éste tenga jurisdicción.” Véase, Hernández Apellaniz v. Marxuach Const. Co., res. en 3 de febrero de 1997, 97 J.T.S. 16.
Una apelación o un recurso prematuro al igual que uno tardío, sencillamente adolece del grave e insubsanable defecto de falta de jurisdicción.
Como tal, su presentación carece de eficacia y no produce ningún efecto jurídico, pues en ese momento o instante en el tiempo (“punctum temporis”), no ha nacido autoridad judicial o administrativa alguna para acogerlo; menos para conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa. Ello explica la exigencia y necesidad de presentar una nueva apelación o recurso (con su apéndice) y efectuar su notificación dentro del término jurisdiccional.
La falta de jurisdicción por prematuridad no acontece cuando se dicta la resolución para desestimar el recurso; el momento decisorio y crucial es la fecha de su presentación, no es de esa resolución. Carente de *985 eficacia jurídica interruptora, si acaso, la única otra decisión sería ordenar su desglose y devolución al presentante. Con este marco jurídico-conceptual en mente, expongamos al trasfondo procesal del recurso ante nos. (Nota al calce omitida).
Principalmente por su naturaleza y etapa procesal, el ordenamiento procesal civil ha investido al trámite de reclamo de costas de ciertos requisitos extraordinarios, tales como el que se presente bajo juramento, en 10 días improrrogables y a partir de la fecha cierta y pre-establecida. Piñeiro v. Santiago, 104 D.P.R. 587, 590 (1976); Fenning v. Tribunal Superior, 96 D.P.R. 615, 624 (1968); Pereira v. I.B.E.C., 95 D.P.R. 28, 82 (1967).
Al concederse un término determinado, ininterrumpible e improrrogable para el ejercicio de un derecho, estamos ante un plazo de caducidad, que cuenta con un punto cierto de partida respecto a la extinción del derecho. Distorsionar su fecha de partida (punctum temporis) sumerge en peligroso desconcierto un trámite que requiere de pronta y decidida actuación dentro de un muy breve plazo de 10 días.
De permitir, en un caso como el presente en que no media un previo pacto de crédito ejecutivo, Correa Machín v. Correa Vélez, 97 D.P.R. 794, 796 (1969); American Colonial Bank v. Rossy, 39 D.P.R. 564, 565-566 (1929), y A. Álvarez & Hnos. v. Corte de Distrito, 35 D.P.R. 222, 225 (1926), integrar a priori en la sentencia (o en el proyecto de sentencia suplido al TPI), el contenido de un “memorando de costas” presentado a destiempo y por tanto sin dar oportunidad a ser objetado por las demás partes en litigio, implica desatender un claro precepto básico de ley, en detrimento de la estabilidad y certeza procesal.
Por lo expuesto, resulta nulo e inexistente el “memorando de costas” presentado ante el TPI antes de dictada y archivada en autos copia de la notificación de la sentencia en la causa DCD2004-0640, porque en tal momento no había nacido el derecho a tal reclamo. Se hacía necesario que en esta causa, dicho trámite se originare o condujere entre el 5 y 15 de noviembre de 2004, acorde a lo claramente dispuesto en la Regla 44.1 (b) de Procedimiento Civil, supra, y la jurisprudencia vigente. Cf. Empress Hotel, Inc. v. Acosta, 150 D.P.R. 208 (2000); Ruiz v. P.R.T.C.O., 150 D.P.R. 200 (1999). Se actúa a destiempo cuando se acciona antes o después de un plazo específicamente concedido.
De igual forma carece el foro judicial de jurisdicción para atender un memorando de costas presentado antes del archivo en autos de copia de la notificación de la sentencia al igual que cuando es presentado luego de transcurrido el término de 10 días a partir de tal archivo en autos. En la primera situación, resulta prematuro (Pueblo v. Santana, supra)-, en la segunda, inoficioso por haber ya caducado el derecho. Piñero v. Martínez Santiago, 104 D.P.R. 587, 590 (1976).
No encontramos fundamento procesal o sustantivo suficiente para aceptar como bueno en derecho un memorando de costas presentado fuera del término específicamente impuesto por ley para tal trámite.
Dictamen
Conforme a lo señalado, confirmamos en cuanto a los honorarios de $1,500.00 y revocamos en cuanto a las costas concedidas en $263.50.
Lo acordó el Tribunal y lo certifica la Secretaria General Interina.
La Jueza Pabón Chameco disiente, sin opinión, únicamente en cuanto a lo resuelto respecto a las costas.
Mildred Ivonne Rodríguez Rivera
Secretaria General Interina
*986 ESCOLIO 2005 DTA 37
1. Eisele v. Orcasitas, 85 D.P.R. 89,93 (1962), citas de Castán y Coviello.