EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Comisionado Electoral Partido Nuevo Progresista<br>    Recurrido<br><br>              v.<br><br> Presidenta Comisión Local de Elecciones del Precinto de Maunabo<br>    Recurrido<br><br> Comisión Estatal de Elecciones<br>    Peticionario | Certiorari<br><br>2005 TSPR 189<br><br> 166 DPR \_\_\_\_ |

Número del Caso: CC-2004-990

Fecha: 12 de diciembre de 2005

Tribunal de Apelaciones:

                Región Judicial de Humacao

Juez Ponente:

                Hon. Hernández Torres

Abogado de la Parte Peticionaria:

                Lcdo. Pedro A. Delgado Hernández

Abogados de la Parte Recurrida:

                Lcdo. René Arrillaga Beléndez
                Lcdo. Ricardo Arrillaga Armendáriz
                Lcdo. Agustín Colón Dueño

Materia:  Apelación

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

Comisionado Electoral
Partido Nuevo Progresista
   Recurrido

       v.

                                    CC-2004-990     Certiorari

Presidenta Comisión Local de
Elecciones del Precinto de
Maunabo
   Recurrido

Comisión Estatal de Elecciones
   Peticionario

Opinión del Tribunal emitida por el Juez Presidente SEÑOR HERNÁNDEZ DENTON

San Juan, Puerto Rico a 12 de diciembre de 2005.

Nos corresponde determinar si procede imponerle a la Comisión Estatal de Elecciones el pago de costas en un procedimiento de recusación de electores sin que se le haya acreditado previamente el gasto real incurrido en su tramitación.

I.

El Comisionado Electoral del Partido Nuevo Progresista (en adelante, PNP) presentó ante la Comisión Local de Elecciones del Precinto de Maunabo (en adelante, Comisión Local) unas solicitudes de recusación por domicilio de unos electores inscritos en ese precinto. Éstas fueron objetadas oportunamente por el Comisionado

Electoral del Partido Popular Democrático (en adelante, PPD). Luego de la evaluación correspondiente, la Presidenta de la Comisión Local declaró sin lugar las recusaciones por domicilio de algunos de estos electores por defectos en el diligenciamiento del emplazamiento.

Inconforme, el Comisionado Electoral del PNP presentó una apelación ante el Tribunal de Primera Instancia, en la cual solicitó que se revocara la determinación de la Comisión Local. Reclamó, además, que se le impusieran sanciones económicas al Comisionado Electoral del PPD para satisfacer los gastos que incurriría de volver a iniciarse el trámite.

El Tribunal de Primera Instancia revocó la determinación de la Comisión Local y ordenó que se notificaran por edicto a los mencionados electores. Además, le impuso al Comisionado Electoral del PPD la sanción de cinco mil dólares ($5,000) para sufragar la publicación de los edictos, de la notificación de éstos por correo certificado y los honorarios de abogado.

Insatisfecho, el Comisionado Electoral del PPD recurrió al Tribunal de Apelaciones mediante recurso de *certiorari*. Alegó que el Tribunal de Primera Instancia erró al imponerle una sanción económica para pagar los gastos relacionados al procedimiento de recusación de electores y a los honorarios de abogado.

El Tribunal de Apelaciones expidió el auto de *certiorari* y modificó la sentencia del Tribunal de

Primera Instancia. Resolvió que al Comisionado Electoral del PPD no le correspondía pagar la sanción impuesta. Razonó que la Comisión Local había errado al desestimar las peticiones de recusación original presentadas por el Comisionado Electoral del PNP, por lo cual, a modo de sanción, le correspondía a ésta pagar los gastos del nuevo proceso de notificación por edicto a los electores recusados y de los honorarios de abogado. Posteriormente, el Tribunal de Apelaciones aclaró que la sanción de cinco mil dólares ($5,000) impuesta a la CEE era únicamente por concepto de costas del pleito.

Mediante recurso de *certiorari*, recurre ante nos la Comisión Estatal de Elecciones. Sostiene que erró el Tribunal de Apelaciones al imponerle el pago de una cantidad fija de costas, a ser sufragado con fondos públicos, sin que las partes hayan evidenciado previamente los gastos reales incurridos en el proceso. Acordamos expedir. Concedimos un término a los respectivos Comisionados Electorales para que presentaran sus alegatos. Procedemos a resolver sin el beneficio de sus comparecencias.

II.

A.

La Regla 44.1(a) de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 44.1., dispone lo siguiente:

> Las costas le serán concedidas a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación, **excepto en aquellos casos en que se dispusiera lo**

**contrario por ley** o por estas reglas. (Énfasis suplido.)

Hemos resuelto que el propósito de las costas judiciales es resarcir a la parte victoriosa en los gastos necesarios y razonables incurridos con motivo del litigio. *Auto Servi, Inc. v. Estado Libre Asociado*, 142 D.P.R. 321, 326 (1997); *Ferrer Delgado v. Tribunal Superior*, 101 D.P.R. 516, 517 (1973); *Garriga, Jr. v. Tribunal Superior*, 88 D.P.R. 245 (1963); *Véase además*, J. A. Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Publicaciones JTS, 2000, T. II, págs. 707-726.

Del mismo modo, hemos aclarado que no todos los gastos incurridos durante el transcurso de un procedimiento judicial se considerarán costas recobrables. *Garriga, Jr. v. Tribunal Superior*, *supra,* págs. 256-257. Por el contrario, para fines de la Regla 44.1(a), las costas son los gastos necesarios incurridos en la tramitación de un pleito o los que el tribunal, en el ejercicio de su discreción, estime que un litigante deba reembolsar a otro. *JTP Development Corp. v. Majestic Realty Corp.*, 130 D.P.R. 456, 460 (1992).

En ausencia de una estipulación previa de las partes [1], el mecanismo adecuado para detallar dichas partidas de gastos es el memorando de costas, el cual deberá presentarse bajo juramento en un término

---

[1] *Véanse* sobre este particular *A. Álvarez & Hnos. v. Corte de Distrito*, 35 D.P.R. 222 (1926); *Jack's Beach Resort, Inc. v. Cía. Turismo*, 112 D.P.R. 344 (1982); J.A. Cuevas Segarra, op. cit., pág. 726.

jurisdiccional de diez (10) días contados a partir del archivo en autos de copia de la notificación de la sentencia. Regla 44.1(b), 32 L.P.R.A. Ap. III R. 44.1.

En Puerto Rico rige la doctrina de la imposición mandatoria de costas a la parte vencida. *Montañez López v. Universidad de Puerto Rico*, res. el 21 de marzo de 2002, 2002 TSPR 33; *Colondres Vélez v. Bayrón Vélez*, 114 D.P.R. 833, 839 (1983). Es decir, una vez presentado oportunamente el memorando de costas, el tribunal deberá determinar cuáles gastos fueron necesarios y razonables, y conceder las mismas a la parte victoriosa. *JTP Development Corp. v. Majestic Realty Corp.*, *supra*, pág. 461.

No obstante lo anterior, la *Ley Electoral de Puerto Rico* [2] prohíbe expresamente la imposición de costas judiciales en los casos electorales:

> Todas las tramitaciones de asuntos electorales ante los tribunales de justicia se harán **sin pago de costas judiciales en forma alguna**, ni tampoco pagarán sellos de bastanteo del Colegio de Abogados. **Artículo 1.019, 16 L.P.R.A. § 3019.** (Énfasis suplido.)

Aún cuando no procede la imposición de costas judiciales en casos electorales, la Comisión Estatal de Elecciones ha adoptado un reglamento para procesar el reembolso de los gastos incurridos en las solicitudes de recusación de electores, según veremos a continuación.

---

[2] Ley Núm. 4 de 20 de diciembre de 1977, según enmendada, Art. 1.005(l), 16 L.P.R.A. sec. 3013.

B.

La Comisión Estatal de Elecciones (en adelante, CEE), de acuerdo al poder que le confirió la *Ley Electoral*, aprobó el 9 de enero de 2004 el *Reglamento para el trámite de recusaciones* (en adelante, Reglamento). El Reglamento se adoptó con el propósito de regular los procedimientos de recusación, entre otros. Según la Sección 1.4(11) del Reglamento, la recusación o exclusión se define como:

> El procedimiento mediante el cual se requiere se elimine la inscripción de un elector del Registro del Cuerpo Electoral, o cuya petición de inscripción, transferencia u otra transacción haya sido impugnada durante el proceso de inscripción.

Una de las causales para solicitar la recusación o exclusión de un elector inscrito es que éste no esté domiciliado en el precinto donde se haya inscrito. *Reglamento*, Sec. 2.3; *Ley Electoral*, Art. 2.023, 16 L.P.R.A. sec. 3073.

En lo aquí pertinente, el Reglamento dispone que el emplazamiento por edicto es el mecanismo adecuado para notificar a aquellos electores recusados por domicilio que no puedan ser localizados para diligenciar la citación personalmente. Además, la Sección 2.16 del referido Reglamento, describe cómo se sufragarán los gastos asociados con estas notificaciones a los electores recusados:

> Los gastos incurridos en el trámite de notificación por edicto serán por cuenta del

recusador o partido político que inicia el procedimiento de recusación. La Comisión (Estatal de Elecciones) **reembolsará el costo de la publicación del edicto, de la notificación de éste por correo certificado y de la notificación de la decisión por correo, al advenir la Orden de exclusión final y firme**, excepto en la recusación institucional[3] en la cual los costos recaerán sobre la Comisión. (Énfasis suplido.)

Luego de examinar el derecho aplicable, pasemos a considerar los hechos del presente caso.

### III.

En el caso de autos, no existe controversia en cuanto a que le corresponde a la CEE reembolsar al partido recusador el gasto incurrido para tramitar los emplazamientos por edicto de las solicitudes de recusación por domicilio que posteriormente se declaren con lugar. Sin embargo, la objeción de la CEE consiste en que se le haya impuesto una cantidad fija de cinco mil dólares ($5,000) de costas sin que el partido recusador le haya acreditado previamente al tribunal el gasto real incurrido. Le asiste la razón.

En primer lugar, conforme a la Ley Electoral y al Reglamento, no procede la imposición de costas judiciales a los procedimientos de recusación de electores. El Reglamento es claro al disponer que lo que procede es un reembolso de lo que se pagó en los emplazamientos por edicto y en las correspondientes notificaciones. A estos

---

[3] La recusación institucional es aquélla en la cual existe consenso entre los Comisionados Locales sobre su procedencia. *Reglamento para el trámite de recusaciones de la Comisión Estatal de Elecciones*, Sec. 1.4.

efectos, el Reglamento indica que el gasto incurrido en las solicitudes de recusación por domicilio será sufragado, en primer lugar, por el partido recusador y que, *en los casos en que progrese la solicitud de recusación*, la CEE *reembolsará*[4] dichos gastos.

No obstante, el hecho de que el Reglamento disponga quién ha de sufragar, en primera instancia, los gastos de las referidas partidas, no implica que la CEE le pagará automáticamente la cantidad solicitada. Al tratarse del desembolso de fondos públicos, la CEE requiere que se le demuestre cuánto se invirtió en la tramitación de las mencionadas recusaciones antes de procesar el reembolso. Sólo así podrá ésta cumplir con lo dispuesto en el Reglamento aplicable y, lo que es más importante, con el mandato constitucional de velar celosamente por el buen uso de los fondos públicos, según dictamina el Art. VI, Sección 9 de la Constitución del Estado Libre Asociado. 1 L.P.R.A.

En el caso que nos ocupa, aún si lo que ordenó el Tribunal de Apelaciones hubiese sido el pago conforme al Reglamento, el récord no contiene prueba alguna de que los gastos reembolsables asciendan a cinco mil dólares ($5,000). Por estas razones, no podemos avalar la decisión del Tribunal de Apelaciones que le impone a la CEE el pago de cinco mil dólares ($5,000) de costas.

---

[4] El término *reembolsar* presupone un gasto inicial desembolsado por una parte que luego le será compensado o devuelto por otra.

A pesar de que el Reglamento no especifica el mecanismo que el partido recusador deberá utilizar para justificar el reembolso, entendemos que lo que procede es que éste le presente a la CEE un escrito en el que acredite la cantidad desembolsada por las partidas específicamente enumeradas en el Reglamento. Es decir, que demuestre lo que gastó en aquellas recusaciones por domicilio declaradas con lugar de manera final y firme.

IV.

Por los fundamentos que anteceden, se modifica el dictamen del Tribunal de Apelaciones por entender que lo que procede es el reembolso de los gastos incurridos en los emplazamientos por edicto y en las correspondientes notificaciones, según se determinen en su día, conforme al *Reglamento para el trámite de recusaciones de la Comisión Estatal de Elecciones*. Se devuelve el caso a la Comisión Estatal de Elecciones para la continuación de los procedimientos de forma consistente con lo aquí resuelto.

Se dictará Sentencia de conformidad.


                                        Federico Hernández Denton
                                              Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Comisionado Electoral
Partido Nuevo Progresista
   Recurrido

       v.

                     CC-2004-990     Certiorari

Presidenta Comisión Local de
Elecciones del Precinto de
Maunabo
   Recurrido

Comisión Estatal de Elecciones
   Peticionario

SENTENCIA

San Juan, Puerto Rico a 12 de diciembre de 2005.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se modifica el dictamen del Tribunal de Apelaciones por entender que lo que procede es el reembolso de los gastos incurridos en los emplazamientos por edicto y en las correspondientes notificaciones, según se determinen en su día, conforme al *Reglamento para el trámite de recusaciones de la Comisión Estatal de Elecciones*. Se devuelve el caso a la Comisión Estatal de Elecciones para la continuación de los procedimientos de forma consistente con lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo